■ In the Matter of ROSE FASANI, Petitioner, v. EDWARD RAPPAPORT et al., Constituting the Zoning Board of Appeals of the City of Gloversville, Respondents.— GABRIELLI, J. Proceeding under CPLR article 78 (transferred

to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Fulton County February 20, 1967) to review a determination of the Zoning Board of Appeals of the City of Gloversville. The respondent Zoning Board of Appeals has granted a variance to Sacandaga Lodge No. 1462, I. B. P. O. E. W. (hereinafter referred to as the "applicant"), to use certain premises it had purchased shortly before its application for a variance, as a fraternal lodge building, a use not permitted at the location of these premises. The subject property consisted of a house which had been badly damaged by fire and was being repaired by members of the applicant. At Special Term it was determined that any question of substantial evidence before the board was a matter requiring a transfer of that part of the proceeding to the Appellate Division under CPLR 7804 (subd. [g]) and the court below simultaneously entered an order "affirming" the conclusions of law of the Zoning Board of Appeals. At the outset we point out that the matter was improperly transferred to this court. Section 82 (subd. 1, par. [c]) of the General City Law provides that in an article 78 proceeding brought to review a decision by a Zoning Board of Appeals "the court at special term shall itself dispose of the cause on the merits, determining all questions which may be presented for determination under the provisions of section seventy-eight hundred three of said article." Since, however, CPLR 7804 (subd. [g]) continues the power of this court to dispose of all issues, and in order to avoid the shuttling of this case back and forth between this court and Special Term, we consider the entire matter on the merits. (See *Matter of Circle Courts* v. *Lane,* 29 A D 2d 620; 24 Carmody-Wait 2d, New York Practice, § 145:354.) At the hearing before the board, the applicant submitted no proof that the property in question, when repaired, could not yield a reasonable return if used only in conformity with the uses prescribed in the existing zoning regulations, viz., home occupation, two-family dwelling, beauty parlors, nursing or convalescent homes; and as we stated in *Matter of Hunt* v. *Carusone* (28 A D 2d 612), this is one of the three requisite elements of proof before a board may exercise its discretion and grant a use variance on the ground of unnecessary hardship (see, also, *Matter of Otto* v. *Steinhilber,* 282 N. Y. 71, 76, mot. for rearg. den. 282 N. Y. 681; *Matter of Fink* v. *Carusone,* 25 A D 2d 705; *Matter of Album* v. *Anderson,* 25 A D 2d 481); and "In the absence of such proof it is unnecessary to consider the other two elements — (1) that the plight of petitioner [applicant] is due to unique circumstances and (2) that the use to be authorized by the variance will not alter the essential character of the locality" (*Matter of Album* v. *Anderson, supra*). The record is devoid of the requisite or, in fact, any *proof* that the property could not yield a reasonable return if used for a permitted purpose, for indeed "In order to establish a lack of 'reasonable return', the applicant must demonstrate that the return from the property would not be reasonable for each and every permitted use under the ordinance" (*Matter of Forrest* v. *Evershed,* 7 N Y 2d 256, 262); and it has long been the law that the burden of proving such a lack of reasonable return is upon the applicant (*Matter of Crossroads Recreation* v. *Broz,* 4 N Y 2d 39). We find no basis in the record for the board's finding that special circumstances existed for its determination of unique hardship for "It is not uniqueness of the plight of the owner, but uniqueness of the land causing the plight, which is the criterion" (*Matter of Congregation Beth El.* v. *Crowley,* 30 Misc 2d 90, 94); nor can we take into consideration the fact that the property was within one block of a "permitted use" zone for "If the present application should be allowed because the property involved adjoins an unrestricted district, all other

owners thereafter in the same situation would be entitled to like relief, and soon the purpose of the zoning regulation would be entirely defeated." (*Matter of Ward* v. *Murdock*, 247 App. Div. 808.) (See, also, *Matter of Seinfeld* v. *Murdock*, 259 App. Div. 694, affd. 285 N. Y. 718.) We must further point out that since the property was purchased by the applicant for a purpose not permitted under the zoning ordinance the applicant must, upon any new hearing to be had hereon, overcome the burden of showing that any hardship it alleges it may have sustained was not self-imposed. (*Matter of Clark* v. *Board of Zoning Appeals*, 301 N. Y. 86, cert. den. 340 U. S. 933.) The respondents advance the theory that since there has been a gradual change in character of the general neighborhood, hardship exists because of the uniqueness of the situation. In *Matter of Clark* v. *Board of Zoning Appeals* (*supra*), the court succinctly stated the rule on this point, when it held (p. 91) that "If there be a hardship, which, like the alleged hardship here, is common to the whole neighborhood, the remedy is to seek a change in the zoning ordinance itself (*Arverne Bay Constr. Co.* v. *Thatcher*, 278 N. Y. 222, 233; *Matter of Levy* v. *Board of Standards & Appeals*, 267 N. Y. 347). Nothing less than a showing of hardship special and peculiar to the applicant's property will empower the board to allow a variance [citing cases] ". Upon the state of the record in this case wherein it appears that the board predicated its decision upon erroneous theories and factual inquiries, our disposition annulling the determination of the board is without prejudice to the right of the applicant to renew its application if it be so advised. (*Matter of Album* v. *Anderson*, 25 A D 2d 481, *supra*; *Gurell* v. *Gioia*, 21 A D 2d 844). Determination annulled, with costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J.