■ In the Matter of DWOJRA KEMP, Petitioner, v VITO J. FOSSELLA et al., Constituting the Board of Standards and Appeals of the City of New York, Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the Board of Standards and Appeals of the City of New York, dated July 24, 1979, which, *inter alia*, denied petitioner's application for a use variance. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and the matter is remitted to the board of standards and appeals with a direction that it grant the petitioner a use variance and for further proceedings in accordance herewith. This matter should have been disposed of at Special Term in the first instance. However, this court has the power to consider it on the merits, and under the facts herein, we will proceed to a determination (see CPLR 7804, subd [g]; General City Law, § 82, subd 1, par [c]; *Matter of Community Bd. No. 6 of Borough of Manhattan v Board of Standards & Appeals of City of N.Y.*, 51 AD2d 919; *Matter of Willow Garden Apts. v Riker*, 36 AD2d 892; *Falkenbury v Schultz*, 44 AD2d 827). The denial of a use variance for the stated purpose was arbitrary and capricious in light of petitioner's demonstration of "unnecessary hardship" in the development of her property for any of the limited uses permitted under the applicable zoning. Moreover, the failure of the board to make the findings required by subdivision (c) of section 72-21 of the Zoning Resolution of the City of New York is not supported by substantial evidence given the proximity of petitioner's parcel to a major thoroughfare (Northern Boulevard), the substantial geological impediment to the development of the immediate surrounding area in accordance with the dictates of the existing zoning, the established commercial character of so much of the surrounding area as *has* been developed (much of it pursuant to use variances granted by the board), and the repeated failure of the City of New York over a substantial period of time to implement proposals to condemn the subject property and incorporate it into Alley Pond Park (see *Matter of Douglaston Civic Assn. v Klein*, 67 AD2d 54, affd 51 NY2d 963; cf. *Mary Chess, Inc. v City of Glen Cove*, 18 NY2d 205, 211). In fact, the subject parcel is virtually indistinguishable from the neighboring parcel involved in *Matter of Douglaston Civic Assn. v Klein (supra)*, which is located a mere 160 feet to the east of and approximately 150 feet closer to Northern Boulevard than is petitioner's parcel. We remand the matter to the board solely for a consideration of the applicability of subdivision (e) of section 72-21 of the zoning resolution, namely, whether the height and other particulars of the proposed hotel as stated in the application constitute "the minimum variance necessary to afford relief", or whether "a lesser variance than that applied for" should be granted. These issues were apparently not fully considered by the board and should be under the present posture of the case. Mangano, J.P., Gibbons, Gulotta and O'Connor, JJ., concur.