■ In the Matter of Rosetta Patterson, Petitioner, v Barbara Blum, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78, *inter alia,* to compel

respondent D'Elia, Commissioner of the Nassau County Department of Social Services, to comply with the decision after fair hearing of respondent Blum, Commissioner of the State Department of Social Services, dated July 22, 1980, which, *inter alia,* directed the local agency (1) to issue payments to the Long Island Lighting Company pursuant to section 15 of the Transportation Corporations Law, and (2) to pay petitioner's ongoing utility bills directly to the Long Island Lighting Company. Respondents have separately cross-moved to dismiss the petition as against them. The proceeding was transferred to this court by order of the Supreme Court, Nassau County (Kelly, J.). Cross motions of respondents Blum and Long Island Lighting Company granted and petition dismissed as to them, without costs or disbursements, for failure to state a cause of action. Cross motion of respondent D'Elia denied, without costs or disbursements. Petition granted to the extent that the matter is remitted to the Nassau County Department of Social Services with directions to proceed in accordance with the directives set forth in the decision after fair hearing. Proceeding otherwise dismissed on the merits, without costs or disbursements. We note that the proceeding was improperly transferred to this court. Since an issue specified in CPLR 7803 (subd 4) has not been raised, Special Term should have disposed of the issues presented. However, since CPLR 7804 (subd [g]) requires that this court dispose of all issues in an article 78 proceeding transferred to it, and in order to avoid the shuttling of this case back and forth between this court and Special Term, we consider the matter on the merits. (See *Matter of 125 Bar Corp. v State Liq. Auth. of State of N. Y.,* 24 NY2d 174; *Matter of Kemp v Fossella,* 80 AD2d 897; *Matter of Fasani v Rappaport,* 30 AD2d 588.) The decision of the State commissioner was based upon evidence adduced at a statutory fair hearing at which all interested parties were accorded an opportunity to be heard. The Nassau County Department of Social Services is, in the statutory scheme, an agent of the State Department of Social Services (see Social Services Law, § 65, subd 3), and is, accordingly, bound by the unambiguous fair hearing decision of the State commissioner in petitioner's case (see 18 NYCRR 358.22). A local commissioner may not substitute his own interpretation of the regulations of the State Department of Social Services for that of the State department or the State commissioner. (See *Matter of Beaudoin [Jorczak]* v Toia, 45 NY2d 343; *Matter of Samuels v Berger,* 55 AD2d 913.) In view of the fact that there was no issue of constitutional dimension, no attorney fee is awardable in this article 78 proceeding. (See *Matter of Bess v Toia,* 66 AD2d 844.) Mollen, P. J., Lazer, Thompson and Bracken, JJ., concur.