■ In the Matter of SALLIE ROZIER, Appellant, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents.—In a proceeding pursuant to CPLR article 78, inter alia, to compel compliance with the respondent State Commissioner's "Decision After Fair Hearing" dated December 13, 1985, the petitioner appeals, as limited by her brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Burstein,

J.), entered May 5, 1987, as denied her application for attorney's fees.

Ordered that the order and judgment is affirmed, without costs or disbursements.

The court properly rejected the petitioner's contention that she was entitled to an award of attorney's fees pursuant to the Civil Rights Attorney's Fees Awards Act of 1976 (42 USC § 1988). The underlying proceeding sought to compel the respondents to comply with the directives set forth in a "Decision After Fair Hearing" insofar as it concerned the proper method for recovery of payments made on her behalf by the respondent Nassau County Department of Social Services directly to the petitioner's utility company. Such a controversy concerns the administrative application of State statutes and regulations (see, Social Services Law § 22 [9] [a]; § 34 [3] [e]; 18 NYCRR 358.18 [a]; 358.22). Accordingly, there is no bona fide civil rights claim pursuant to 42 USC § 1983 to warrant an award of attorney's fees (see, Matter of Williams v D'Elia, 119 AD2d 678; Matter of Patterson v Blum, 86 AD2d 893). Mangano, J. P., Brown, Rubin and Kooper, JJ., concur.