■ In the Matter of SUSAN ROTH, on Behalf of Herself and Her Children, Petitioner, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services dated March 6, 1987, made after statutory fair hearing, which affirmed, in part, a determination of the local agency to reduce the petitioner's grant of public assistance in the category of Aid to Families with Dependent Children in order to recoup overpayments.

Adjudged that the petition is granted, the determination is annulled, on the law, with one bill of costs, and matter is remitted to the Commissioner of the Suffolk County Department of Social Services for a new determination consistent herewith.

The petitioner Susan Roth and her five minor dependent children receive a grant of public assistance under the Aid to Families with Dependent Children program. In addition to a grant for basic needs, the petitioner receives a home energy allowance *(see,* Social Services Law § 131-a [3-c]). In August 1986, after accruing an arrearage with her utility company, the petitioner received a voucher from the Suffolk County Department of Social Services (hereinafter the local agency) payable to the Long Island Lighting Company (hereinafter LILCO) to prevent an imminent shutoff of utility services due to nonpayment. At the time of issuing the voucher, the local agency determined that it would act as guarantor for the petitioner's future utility payments *(see,* Social Services Law § 131-s [3]). In November 1986 the petitioner requested and received a second LILCO voucher from the local agency. At that time, the local agency determined to make direct utility payments on behalf of the petitioner, and to deduct this amount from the petitioner's subsequent monthly grants. Pursuant to a timely request, a fair hearing was held on January 12, 1987 to ascertain whether the local agency acted properly.

At the hearing, the petitioner testified that the amount of her monthly grant is $878 per month, and after making her monthly rent payment of $750, all that remains for her to support her five children is $128. There is no indication in the record that prior to its determination, the local agency made any attempt to determine whether the petitioner was eligible to receive another type of grant which could have been applied toward utility payments *(see,* Social Services Law § 131-s [3] [c]). The decision after a fair hearing dated March 6, 1987 affirmed, in part, the determination of the local agency, finding that recoupment at the rate of 5% of household need was in fact proper.

We agree with the petitioner that the respondents were in violation of New York Social Services Law § 131-s when they directed recoupment without first determining whether the petitioner was eligible for one of the grants enumerated in Social Services Law § 131-s (3) (c). This provision states: "Payments made for recipients of public assistance pursuant to this subdivision shall be deemed to be advance allowances subject to recoupment in accordance with department regulations. *In no event may any part of such payment subject to recoupment be made unless the social services official first determines under the particular circumstances that the recipient is not entitled, at the time of requesting such payment, to a*

*grant pursuant to titles one, three, eight or ten of this article or any other provision of this chapter which could be utilized to cover all or a portion to be advanced"* (emphasis supplied).

Here, the respondents concede that no such finding was made with respect to the petitioner. Accordingly, the determination under review was made in direct contravention of the statute, and was incorrect. The case is remitted to the local agency to make a new determination.

In light of the fact that the petitioner did not establish the existence of any civil rights claim *(see,* 42 USC § 1983), she is not entitled to attorneys' fees.

In view of our determination, it is unnecessary to reach the other issues raised by petitioner. Thompson, J. P., Brown, Kunzeman and Rubin, JJ., concur.