■ In the Matter of AMINAH RASHID, Appellant, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to compel respondents to enforce a decision after fair hearing of the Commissioner of the New York State Department of Social Services dated September 2, 1987, which, *inter alia,* directed the Commissioner of the New York City Department of Social Services to restore the petitioner's public assistance and food stamp benefits, the petitioner appeals from so much of an order of the Supreme Court, Kings County (Duberstein, J.), entered April 21, 1988, as denied her application for attorney's fees.

Ordered that order is affirmed, without costs or disbursements.

The petitioner commenced this proceeding, *inter alia,* to compel the respondent Commissioner of the New York City Department of Social Services to comply with the determination of the respondent Commissioner of the New York State Department of Social Services. The petitioner contends that since her claim is based on the respondents' violation of 45 CFR 205.10 (a) (18) which violation resulted in her being deprived of her due process rights, the court improperly denied her an award of attorney's fees pursuant to 42 USC § 1988. The Federal regulation concerns a State's obligation to provide a system of hearings whereby the administrative agency must promptly comply with a hearing decision favorable to the claimant. The petitioner does not contend that the State failed to provide for such a system of hearings. Her claim merely concerns the respondents' failure to abide by a State regulation requiring social service officials to promptly comply with directives set forth in the decision after fair hearing *(see,* 18 NYCRR 358.22). Accordingly, the petitioner failed to raise a bona fide civil rights claim pursuant to 42 USC § 1988 so as to entitle her to an award of attorney's fees

*(see, Matter of Kross v Perales,* 156 AD2d 451; *Matter of Rozier v Perales,* 149 AD2d 710; *Matter of Gelin v Perales,* 149 AD2d 593).

In light of our determination we do not address the parties' remaining contentions. Thompson, J. P., Lawrence, Eiber and Balletta, JJ., concur.