■ In the Matter of SHIRLEY MIDDLETON, Respondent, v CESAR PERALES, as Commissioner of the New York State Department of Social Services, Appellant, et al., Respondent. —In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the respondent Commissioner of the New York City Department of Social Services to comply with the respondent State Commissioner's "Decision After Fair Hearing" dated December 29, 1987, the State Commissioner appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Vaccaro, J.), dated May 16, 1988, as granted that branch of the petitioner's application which was for an award of attorney's fees assessed against the appellant, and is in favor of the petitioner and against the appellant in the sum of $3,662.50.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, without costs or disbursements, and that branch of the application which was for an award of attorney's fees assessed against the appellant is denied.

The court erred when it granted the petitioner an award of attorney's fees payable by the appellant pursuant to the Civil Rights Attorney's Fees Award Act of 1976 (42 USC § 1988).

The underlying proceeding sought, *inter alia,* to compel the respondent Commissioner of the New York City Department of Social Services to comply with a "Decision After Fair Hearing" directing him to restore the petitioner's food stamp benefits. That controversy dealt with the administrative application of State statutes and regulations *(see,* Social Services Law § 22 [9] [a]; § 34 [3] [e]; 18 NYCRR former 358.18 [a] [1]; 358.22). There was no showing by the petitioner of a violation of any constitutional right, or the violation by the State of any right created by Federal law *(see, Matter of Williams v D'Elia,* 119 AD2d 678). There was therefore no bona fide civil rights claim pursuant to 42 USC § 1983 which would warrant an award of attorney's fees *(see, Matter of Rozier v Perales,* 149 AD2d 710; *Matter of Williams v D'Elia, supra; Matter of Patterson v Blum,* 86 AD2d 893). Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.