■ In the Matter of LAURA THOMASEL, on Behalf of Herself and Others, Respondent, v CESAR PERALES, as Commissioner of the New York State Department of Social Services, Appellant, et al., Respondent.—In a proceeding pursuant to CPLR article 78, inter alia, to compel the respondents to provide full and continuing public assistance benefits to the petitioner pending her administrative appeal, the Commissioner of the New York State Department of Social Services appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Graci, J.), dated July 22, 1988, as, upon granting the petitioner's motion for an award of attorney's fees, awarded the petitioner attorney's fees against him in the sum of $2,092.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, without costs or disbursements, and that branch of the petition which was for an award of attorney's fees against the appellant is denied.

The court erred when it granted the petitioner an award of

attorney's fees against the appellant, the Commissioner of the New York State Department of Social Services, pursuant to the Civil Rights Attorney's Fees Award Act of 1976 (42 USC § 1988). The underlying proceeding sought, *inter alia,* to compel the appellant and the Commissioner of the New York City Department of Social Services to provide full and continuing public assistance benefits to the petitioner pending her administrative appeal. Officials of the State agency had directed the local agency to provide continuing aid to the petitioner on several occasions. Contrary to the petitioner's assertions, the continuing aid controversy concerned the administrative application of State statutes and regulations *(see,* 18 NYCRR 358-3.6, former 358.4). There was no showing by the petitioner of a violation of any constitutional right, or violation by the State of any right created by Federal law *(see, Matter of Gelin v Perales,* 149 AD2d 593, 595; *Matter of Williams v D'Elia,* 119 AD2d 678). Therefore, there was no bona fide civil rights claim pursuant to 42 USC § 1983 which would require an award of attorney's fees *(see, Matter of Middleton v Perales,* 160 AD2d 800; *Matter of Rozier v Perales,* 149 AD2d 710; *Matter of Williams v D'Elia, supra; Matter of Patterson v Blum,* 86 AD2d 893). Thompson, J. P., Bracken, Sullivan and Balletta, JJ., concur.