■ In the Matter of GLORIA ROBINSON et al., Appellants, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents.—In a hybrid (1) proceeding pursuant to CPLR article 78 to review three determinations of the respondent Commissioner of the New York State Department of Social Services, dated May 5, 1987, May 28, 1987, and August 19, 1987, respectively, and made after fair hearings, which, *inter alia,* confirmed the determinations of the respondent Commissioner of the Suffolk County Department of Social Services to deny energy assistance to the appellants because each of them shared a single utility meter or heating system with other residents, and (2) action, *inter alia,* for a judgment declaring the "Multiple

Dwelling Restriction" in Administrative Directive 86 ADM-11-A, invalid, the petitioner-plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (D'Amaro, J.), dated June 29, 1988, as dismissed the hybrid proceeding and action.

Ordered that the judgment is reversed insofar as appealed from, on the law, with one bill of costs payable to the appellants by the respondent State Commissioner, the determinations dated May 5, 1987, May 28, 1987, and August 19, 1987, respectively, insofar as they affirmed the determination of the respondent Commissioner of the Suffolk County Department of Social Services to deny energy assistance to the petitioner-plaintiffs based on the "Multiple Dwelling Restriction", are annulled, it is declared that the respondents' practice and policy of denying energy assistance to applicants or recipients of Public Assistance, Supplemental Security Income and/or veteran's assistance due to the "Multiple Dwelling Restriction" contained in Administrative Directive 86 ADM-11-A and 18 NYCRR 352.5 (b) (1) violates Social Services Law § 131-s, and the matter is remitted to the Suffolk County Department of Social Services to determine the amount of energy assistance due and owing to the petitioner-plaintiffs.

Social Services Law § 131-s provides that a social services official shall provide utility and heating fuel arrearage payments to continue or restore utility service for applicants and for recipients of Public Assistance (hereinafter PA) and/or Supplemental Security Income (hereinafter SSI) benefits. In April 1986 the New York State Department of Social Services (hereinafter the Department) issued a State-wide Administrative Directive, 86 ADM-11-A (later codified in 18 NYCRR 352.5) which, *inter alia,* directed that "[w]hen an applicant/recipient is the customer of record for an energy bill that services more than their own residential unit the local district may not authorize a fuel for heating allowance, an arrearage payment on a utility bill or emergency assistance to obtain non-utility heating fuel" (hereinafter referred to as the Multiple Dwelling Restriction).

The three petitioner-plaintiffs were applicants for or recipients of PA or SSI and each resided in a residence in Suffolk County which fell within the Multiple Dwelling Restriction. That is, each was the customer of record with the utility or heating fuel company and their utility meter or fuel tank serviced multiple dwellings. In 1987, each petitioner-plaintiff applied for and was denied energy assistance by the Suffolk County Department of Social Services under the Multiple

Dwelling Restriction. Each requested and had an expedited fair hearing to review the denial of the request for energy assistance. The State Commissioner confirmed the denial of energy assistance to the petitioner-plaintiffs on the ground that their residences fell within the Multiple Dwelling Restriction.

The three petitioners-plaintiffs commenced this hybrid proceeding pursuant to CPLR article 78 to review his determinations after fair hearings which confirmed the determinations of the Suffolk County Department of Social Services to deny them energy assistance, and action, *inter alia,* to declare the Multiple Dwelling Restriction invalid. They alleged, *inter alia,* that the Multiple Dwelling Restriction was arbitrary, capricious and in violation of Federal and State regulations, statutes and constitutional provisions, and was promulgated in violation of the State Administrative Procedure Act. The Supreme Court found their contentions to be without merit.

The intent of the Department in adopting the Multiple Dwelling Restriction was to prevent households occupied by recipients of social services benefits from becoming responsible for the energy use of other households. Apparently, certain landlords would rent an apartment with a shared utility meter or fuel tank to a recipient of social services benefits who would be responsible for the energy bills of the entire dwelling, and then rent the adjoining apartments to others for higher rents which included heat and utilities. The Multiple Dwelling Restriction was promulgated to stop these abuses.

Notwithstanding these good intentions, the Department's implementation of the Multiple Dwelling Restriction resulted in otherwise eligible applicants being denied energy assistance simply because they lived in multiple dwellings with a shared fuel tank or utility meter. Social Services Law § 131-s provides that in the case of an applicant or recipient of PA or SSI benefits or other State payments pursuant to the Social Services Law, a social services official shall, unless alternative payment or living arrangements can be made, make a payment to a gas or electric corporation to prevent the shutoff of utilities or to restore service. This statute contains no requirement that the PA applicant or recipient demonstrate that he or she does not have a shared utility meter or fuel tank in order to be eligible for energy assistance. Thus, the Multiple Dwelling Restriction is inconsistent with the statute. "Administrative agencies can only promulgate rules to further the implementation of the law as it exists; they have no authority

to create a rule out of harmony with the statute" *(see, Matter of Jones v Berman,* 37 NY2d 42, 53). Since the Multiple Dwelling Restriction adds a requirement not found in the existing State statute, the restriction as presently written is invalid.

We further find that the Department's failure to formally promulgate the Multiple Dwelling Restriction before implementing it in 1986 violated the State Administrative Procedure Act. The Multiple Dwelling Restriction is most certainly a "rule" as defined by State Administrative Procedure Act § 102 (2), and, therefore, it should have been published in the New York State Register prior to its implementation *(see,* State Administrative Procedure Act § 202; *Matter of Krauskopf v Perales,* 139 AD2d 147, *affd* 74 NY2d 730).

The petitioner-plaintiffs' contention that the Suffolk County Department of Social Services is responsible for providing energy assistance to them notwithstanding the Multiple Dwelling Restriction is without merit. The Suffolk County Department of Social Services is the agent of the Department and may not substitute its interpretations of the regulations and statutes for that of the Department *(see,* Social Services Law § 65 [3]; *Matter of Beaudoin v Toia,* 45 NY2d 343, 347). Thus, the Suffolk County Department of Social Services was duty bound to implement the restriction as directed by the Department.

Since the petitioner-plaintiffs have prevailed based on State rather than Federal law, they are not entitled to attorneys' fees under 42 USC § 1988 *(see, Matter of Thomasel v Perales,* 161 AD2d 646; *Matter of Roth v Perales,* 154 AD2d 683). Bracken, J. P., Kunzeman, Eiber and Harwood, JJ., concur.