■ In the Matter of BEN VARSALONA, Appellant, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to compel the respondents to continue a grant under the Aid to Families with Dependent Children Program pending a Decision After Fair Hearing and for an award of counsel fees, the petitioner appeals from so much of a judgment of the Supreme Court, Kings County (Greenstein, J.), dated June 9, 1989, as denied his application for an award of counsel fees.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The petitioner received a Notice of Intent to terminate his grant of Aid to Families with Dependent Children and timely requested a fair hearing (see, 18 NYCRR part 358). The respondents concede that the petitioner's grant should have

been continued but was not continued *(see, Goldberg v Kelly,* 397 US 254; 18 NYCRR 358-3.6) and it is not effectively disputed that the failure to provide continuing aid was because of the local agency's transfer of over one million cases to a new computer system. Although the petitioner's grant was not restored until after commencement of this proceeding, during the pendency of which the issue raised by the Notice of Intent was resolved in the petitioner's favor, we agree with the Supreme Court that the petitioner is not entitled to an award of counsel fees pursuant to 42 USC § 1988. The inadvertent interruption of benefits does not give rise to a bona fide civil rights claim and although the local agency apparently failed to earlier reinstate payment by manually issuing assistance checks in accordance with its own emergency procedures, the delay in correcting the error does not warrant the relief sought here *(cf., Matter of Middleton v Perales,* 160 AD2d 800; *Matter of Rashid v Perales,* 156 AD2d 692; *Matter of Kross v Perales,* 156 AD2d 451). Lawrence, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.