■ HENRIETTA BROWN et al., Appellants, v CESAR A. PERALES,

as Commissioner of the New York State Department of Social Services, et al., Respondents.—In a hybrid (1) proceeding pursuant to CPLR article 78 to review three determinations of the respondent Commissioner of the New York State Department of Social Services, dated October 23, 1987, October 30, 1987, and November 18, 1987, respectively, the first two made after fair hearings, which, *inter alia,* confirmed the determinations of the respondent Commissioner of Suffolk County Department of Social Services to deny energy assistance to the appellants because each of them shared a single utility meter or heating system with other residents, and (2) action, *inter alia,* for a judgment declaring the "Multiple Dwelling Restriction" in Administrative Directive 86 ADM-11-A and 18 NYCRR 352.5 (b) (1) invalid, the petitioners-plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Copertino, J.), entered October 5, 1988, which, in effect, dismissed the proceeding and action, holding that the issues were previously determined in the case of *Matter of Robinson v Perales,* bearing Suffolk County Index Number 16704-87, and, as limited by their brief, from so much of an order of the same court, dated December 28, 1988, as, in effect, upon reargument, adhered to the original determination and, *inter alia,* denied them class action certification.

Ordered that the appeal from the judgment is dismissed, as it was superseded by the order, made upon reargument; and it is further,

Ordered that the order is modified, on the law, by deleting the provisions thereof which adhered to the original determination and substituting therefor a provision vacating the provision of the judgment which dismissed the hybrid proceeding and action, and granting the petitioners-plaintiffs the relief requested in their pleadings to the extent that it is declared that the respondents' practice and policy of denying energy assistance to applicants or recipients of Public Assistance and Supplemental Security Income due to the "Multiple Dwelling Restriction" contained in Administrative Directive 86-ADM-11-A and 18 NYCRR 352.5 (b) (1) violates Social Services Law § 131-s, the determinations dated October 23, 1987, October 30, 1987 and November 18, 1987, respectively, insofar as they affirmed the determinations of the respondent Commissioner of the Suffolk County Department of Social Services to deny energy assistance to the petitioners-plaintiffs based on the "Multiple Dwelling Restriction" are annulled, and the hybrid proceeding and action is otherwise dismissed; as so modified, the order is affirmed insofar as appealed from,

and the matter is remitted to the Suffolk County Department of Social Services to determine the amount of energy assistance due and owing to the petitioners-plaintiffs; and it is further,

Ordered that the appellants are awarded one bill of costs, payable by the respondent State Commissioner.

The petitioners-plaintiffs' arguments are essentially the same arguments raised in *Matter of Robinson v Perales* (166 AD2d 594) wherein this court held that the "Multiple Dwelling Restriction" contained in Administrative Directive 86-ADM-11-A and 18 NYCRR 352.5 (b) (1) violated Social Services Law § 131-s. Accordingly, we find the *Robinson* case controlling at bar and dispositive of the majority of the issues raised on appeal.

In addition, we find that the Supreme Court properly denied the petitioners-plaintiffs' request for certification of a class for the reasons stated by Justice Copertino in his memorandum decision dated December 28, 1988.

Further, since the petitioners-plaintiffs were not denied assistance because they were not tenants or customers of record pursuant to 18 NYCRR 352.5, they have no standing to challenge that requirement which must be met before assistance will be granted *(see,* CPLR 5511; *see also, New York Pub. Interest Research Group v Carey,* 42 NY2d 527, 529-531).

The petitioners-plaintiffs' other contentions do not warrant further relief. Lawrence, J. P., Eiber, Balletta and Rosenblatt, JJ., concur.