■ In the Matter of MARIA CUEVAS, Appellant, v CESAR PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to compel the respondent Commissioner of the New York City Department of Social Services to comply with the respondent State Commissioner's "Decision After Fair Hearing" dated July 25, 1988, the petitioner appeals from an order of the Supreme Court, Kings County (Vinik, J.), dated April 20, 1990, which denied her application for attorney's fees.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the petitioner's contention, the Supreme Court properly denied her request for attorney's fees pursuant to 42 USC § 1988. The petitioner's cause of action, "essentially to compel prompt compliance with a decision after a hearing, was not a bona fide civil rights cause of action pursuant to 42 USC § 1983" *(Matter of Ferraro v Perales,* 166 AD2d 443, 444; *Matter of Middleton v Perales,* 160 AD2d 800, *cert denied —* US —, 112 S Ct 174; *Matter of Rashid v Perales,* 156 AD2d 692; *Matter of Rozier v Perales,* 149 AD2d 710; *Matter of Gelin v Perales,* 149 AD2d 593).

The recent decision of the Court of Appeals in *Matter of Thomasel v Perales* (78 NY2d 561) does not compel a different result. In that case, the Court of Appeals held that the petitioner therein was entitled to counsel fees since her "Federal" claim, i.e., that the respondents had improperly reduced her benefits under the Aid to Families with Dependent Children program pending an administrative hearing, was not " 'wholly unsubstantial', 'obviously frivolous' or 'obviously without merit' " *(Matter of Thomasel v Perales, supra,* at 569). No such claim was asserted in the underlying CPLR article 78 proceeding herein, and the application for counsel fees was properly denied. Mangano, P. J., Miller, O'Brien and Santucci, JJ., concur.