[612 NYS2d 715]

CONNIE GOODWIN, Appellant-Respondent, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, Respondent-Appellant, et al., Defendants. (Appeal No. 1.)

Fourth Department, April 15, 1994

## APPEARANCES OF COUNSEL

*Charles J. Brennan, B. Robert Piller* and *Gerald Norlander,* Albany, for appellant-respondent.

*G. Oliver Koppell, Attorney-General,* Rochester *(Elizabeth J. McDonald* and *Peter H. Schiff* of counsel), for respondent-appellant.

## OPINION OF THE COURT

BALIO, J.

Plaintiff resides in a single-family dwelling in Addison, New

York, with her three children and with her boyfriend, John Potter. Potter owns the dwelling and is responsible for payment of the mortgage, property taxes, insurance and gas utility bill. Operation of the gas furnace is controlled by electricity, and the electric utility bill is in plaintiff's name. In November 1990, the utility supplying electrical service to the dwelling notified plaintiff that her electric service would be terminated on December 6, 1990 for nonpayment of arrears of $451.20. The utility refused to renegotiate plaintiff's deferred payment agreement, concluding that the household income, which included the income of John Potter, was insufficient to pay the budgeted billing amount plus a minimal sum of $10 per month toward arrears.

Plaintiff applied to defendant Steuben County Department of Social Services (DSS) for emergency utility assistance under New York's energy assistance program for applicants for public assistance (see, Social Services Law § 131-s; 18 NYCRR 352.5) and Home Energy Assistance Program (HEAP) (see, Social Services Law § 97; 18 NYCRR part 393). DSS denied that application because, according to regulations promulgated by the State Department of Social Services, an applicant for either assistance program must be the tenant of record and a person residing with a homeowner is not considered a tenant of record (see, 18 NYCRR 352.5 [d], [e]; 393.4 [d]). After a fair hearing, defendant Perales, the Commissioner of the State Department of Social Services, upheld that determination.

Plaintiff commenced this action seeking a judgment declaring that the tenant of record requirement set forth in 18 NYCRR 352.5 (d) and (e) violates section 131-s of the Social Services Law because it imposes an eligibility requirement neither expressed in, nor intended by, the statute; that, for the same reasons, the same requirement set forth in 18 NYCRR 393.4 (d) violates section 97 of the Social Services Law, the Federal Low-Income Home Energy Assistance Act (LIHEAA; 42 USC § 8621 et seq.); and that application of the tenant of record requirement deprived plaintiff of equal protection of the laws under the US and NY Constitutions. Plaintiff asserted that defendants' application of the tenant of record requirement violated her rights protected by 42 USC § 1983, and plaintiff additionally sought damages and injunctive relief pursuant to that statute, and an award of attorney's fees pursuant to 42 USC § 1988.

I

■ Supreme Court properly determined that the tenant of record requirement set forth in 18 NYCRR 352.5 (d) and (e) violates section 131-s of the Social Services Law. Section 131-s requires local social services districts to pay the gas or electric utility bills incurred by persons residing within the district and applying for public assistance, supplemental security income benefits or additional State payments if such payment is necessary to prevent the shut off of service or to restore service. The statute authorizes payment for the utility costs incurred up to four months before the application. The statute does not impose or authorize the imposition of additional eligibility requirements for such assistance.

18 NYCRR 352.5 (d) and (e) authorize local social services districts to make payments for fuel assistance. Subdivision (a) of that regulation provides that the district must grant an allowance for fuel when the applicant or recipient "documents that he/she is the tenant of record with primary responsibility for the payment of his/her residential heating costs. A *tenant of record* is a person who has or persons who have primary responsibility for payment of the monthly rent or mortgage for their dwelling unit. Individuals who contribute a portion of the monthly rent/mortgage to a person responsible for payment of the monthly rent/mortgage for their dwelling unit will not be considered a tenant of record." Plaintiff is not the tenant of record within the meaning of that subdivision. Although she contributes rent to Potter and is the customer of record regarding electric service, she does not have primary responsibility for payment of the monthly "rent/mortgage" for the dwelling unit. There is no dispute, however, that, aside from the tenant of record requirement, plaintiff is eligible for fuel cost assistance. Because the regulation imposes a requirement not found in Social Services Law § 131-s, the tenant of record requirement promulgated by defendant Perales is out of harmony with the statute and is invalid *(see, Matter of Robinson v Perales,* 166 AD2d 594, 596-597, *lv denied* 78 NY2d 851).

II

■ Supreme Court erred, however, in denying plaintiff's motion for a judgment declaring that a similar tenant of record requirement set forth in 18 NYCRR 393.4 (d) violates LIHEAA (42 USC § 8621 *et seq.)* and Social Services Law § 97

(2), which provides for implementation of LIHEAA in New York.

LIHEAA authorizes grants to States to "assist eligible households to meet the costs of home energy" (42 USC § 8621 [a]). A "household" is defined as "any individual or group of individuals who are living together as one economic unit for whom residential energy is customarily purchased in common or who make undesignated payments for energy in the form of rent" (42 USC § 8622 [2]). A household must also meet certain financial criteria *(see,* 42 USC § 8624 [b]). Plaintiff, with the inclusion of Potter's income, satisfies the financial criteria. LIHEAA further requires States to agree to provide that the "highest level of assistance will be furnished to those households which have the lowest incomes and the highest energy costs in relation to income, taking into account family size" (42 USC § 8624 [b] [5]). Social Services Law § 97 requires local social services districts to participate in the Federal program and to assist eligible households within their district in accordance with the State plan and Federal regulations.

New York's plan for such assistance, commonly known as HEAP benefits, is set forth in 18 NYCRR part 393. Section 393.4 (d) requires that an applicant for HEAP benefits document that he or she is a tenant of record, and "tenant of record" is defined in the same manner as in 18 NYCRR 352.5 (a). Subdivision (d) further provides that a HEAP emergency benefit may be granted to the spouse or surviving spouse of a tenant of record who is living in the household of that tenant. States have considerable latitude, consistent with LIHEAA, to design their programs and may, for example, conclude that tenants occupying government-subsidized housing with heat provided in the rent are less in need of HEAP funds than tenants who do not live in such housing *(Rodriguez v Cuomo,* 953 F2d 33). We conclude, however, that the categorical exclusion of persons living together without the benefit of marriage who would otherwise be eligible for benefits under Federal and State regulations impermissibly violates LIHEAA and New York's implementing statute. Defendant Perales has failed to establish that the tenant of record requirement of 18 NYCRR 393.4 (d) satisfies the mandate that the "highest level of assistance will be furnished to those households which have the lowest incomes and the highest energy costs in relation to income, taking into account family size" (42 USC § 8624 [b] [5]), particularly in the circumstances of this case, where Potter's income was included in the application.

Accordingly, the second judgment should be modified to grant judgment declaring that the tenant of record requirement of 18 NYCRR 393.4 (d), as applied to exclude an unmarried applicant who resides, as an economic unit, in the household with the tenant of record, violates LIHEAA and Social Services Law § 97 and to direct that plaintiff's application for HEAP benefits be redetermined without consideration of the tenant of record requirement set forth in 18 NYCRR 393.4 (d).

### III

■ A cause of action for a violation of LIHEAA may be maintained "either directly as an implied cause of action under the Low-Income Home Energy Assistance Act of 1981 or as an express cause of action under 42 U.S.C. § 1983" (Crawford v Janklow, 710 F2d 1321, 1326). The complaint in this action asserts a violation of 42 USC § 1983, which authorizes the maintenance of a cause of action seeking to vindicate a State's violation of Federal law. Because plaintiff has prevailed on her cause of action asserting the violation of a Federal statute, the trial court has the discretionary authority to award attorney's fees pursuant to 42 USC § 1988 (see, Matter of Thomasel v Perales, 78 NY2d 561, 567-568).

Accordingly, the second judgment should be further modified to vacate that paragraph denying plaintiff's application for an award of attorney's fees and to remit the matter to Supreme Court for consideration of plaintiff's application for an award of attorney's fees pursuant to 42 USC § 1988.

PINE, J. P., LAWTON, DAVIS and BOEHM, JJ., concur.

Appeal insofar as taken from paragraphs 2 and 5 of judgment unanimously dismissed (see, Loafin' Tree Rest. v Pardi [appeal No. 1], 162 AD2d 985), and judgment affirmed, without costs.

CONNIE GOODWIN, Respondent-Appellant, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, Appellant-Respondent, et al., Defendants. (Appeal No. 2.)—Appeal insofar as taken by defendant Perales unanimously dismissed (see, CPLR 5511; Town of Massena v Niagara Mohawk Power Corp., 45 NY2d 482, 488; Matter of Brown v Starkweather, 197 AD2d 840, lv denied 82 NY2d 653) and judgment modified, on the law, and as modified, affirmed, without costs, judgment granted, and matter remitted to

Supreme Court for further proceedings in accordance with same opinion by Balio, J., as in *Goodwin v Perales* (197 AD2d 214 [decided herewith]). (Appeals from judgment of Supreme Court, Steuben County, Purple, Jr., J.—dismiss complaint.) Present—PINE, J. P., BALIO, LAWTON, DAVIS and BOEHM, JJ.,