In the Matter of HARRIETT PANNHORST, Appellant, v BARBARA J. SABOL et al., Respondents. [622 NYS2d 972] —In a proceeding pursuant to CPLR article 78, *inter alia*, to compel the respondents to restore the petitioner's Medicaid coverage, the petitioner appeals from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Kassoff, J.), dated June 1, 1993, as denied her application to compel the respondent Mary Jo Bane, as Commissioner of the New York State Department of Social Services, to pay attorney's fees.

Ordered that the order and judgment is affirmed insofar as appealed from, without costs or disbursements.

The petitioner did not become a prevailing party merely because she obtained the relief she sought by way of this proceeding. To be considered a prevailing party, the petitioner

must have shown that her suit, regardless of whether she prevailed in a judgment, caused the State or its agency to change their respective positions or to take certain actions (see, Martin v Heckler, 773 F2d 1145; Citizens Coalition for Block Grant Compliance v City of Euclid, 717 F2d 964; see also, Matter of Thomasel v Perales, 78 NY2d 561). In this instance, the respondents diligently attempted to provide the relief sought by the petitioner even prior to the initiation of this proceeding.

In any event, we agree with the Supreme Court that an inadvertent failure to timely provide benefits, as occurred here, does not give rise to a claim under 42 USC §§ 1983, 1988 (see, Matter of Varsalona v Perales, 171 AD2d 798). Moreover, sufficient special circumstances exist in this case to make an award of attorney's fees inappropriate under CPLR article 86.

We have examined the petitioner's remaining contentions and find them to be without merit. O'Brien, J. P., Lawrence, Krausman and Florio, JJ., concur.