■ In the Matter of MAUREEN McALLISTER, Appellant, v MICHAEL DOWLING et al., Respondents. [633 NYS2d 395] —In a proceeding pursuant to CPLR article 78, *inter alia,* to enjoin the respondents from reducing her monthly food stamp benefits pending an administrative appeal, and to direct the respondents to pay her costs and reasonable attorney's fees, the petitioner appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Queens County (Posner, J.), entered April 27, 1994, as denied her application for costs and reasonable attorney's fees.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The petitioner's application for an award of attorney's fees

was properly denied. "To be considered a prevailing party, the petitioner must have shown that her suit, regardless of whether she prevailed in a judgment, caused the State or its agency to change their respective positions or to take certain actions" *(Matter of Pannhorst v Sabol,* 212 AD2d 794, 795; *see, Kansas Health Care Assn. v Kansas Dept. of Social & Rehabilitation Serv.,* 31 F3d 1052, 1053). This is largely a factual determination, and the findings of the trial court will be set aside only if they are clearly erroneous *(see, Pullman-Standard v Swint,* 456 US 273, 293; *Gerena-Valentin v Koch,* 739 F2d 755, 759). Under the circumstances, we conclude that the Supreme Court's findings were not clearly erroneous.

The petitioner's remaining contention is without merit *(see,* CPLR 408). O'Brien, J. P., Pizzuto, Santucci and Krausman, JJ., concur.