■ In the Matter of ELEANOR PELLEGRINI, Petitioner, v ROBERT L. REIDY, as Commissioner of the Department of Social Services of the County of Montgomery, et al., Respondents.—Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Montgomery County) to review a determination of

respondent State Commissioner of Social Services which sustained the denial of petitioner's application for medical assistance.

Petitioner was diagnosed as having cancer in 1983. At first she was able to live on her own but in 1985, as her condition worsened, she moved in with her three daughters on an alternating basis. In late 1986, petitioner's condition had deteriorated to the point where a worker for Adult Protective Services asked petitioner's daughter Judith Rees, who she was living with at the time, if she would consider placing petitioner in a hospital. Rees agreed and petitioner was admitted to Amsterdam Memorial Hospital on October 23, 1986. After petitioner's Medicare was terminated because she no longer needed acute hospital care, only custodial care of the kind generally supplied by a nursing home, Rees filed an application, as petitioner's representative, for medical assistance with the Montgomery County Department of Social Services (hereinafter County Department). The application was denied because of petitioner's transfer of approximately $30,000 in equal amounts to each of her three daughters on August 13, 1985, within 24 months of the date of the application. After exhaustion of petitioner's administrative remedies, including a fair hearing, petitioner commenced this CPLR article 78 proceeding, which has been transferred to this court, to annul the determination of respondents denying petitioner's application for medical assistance and to direct respondents to authorize medical assistance eligibility for petitioner from October 31, 1986 through April 24, 1987 plus payment of petitioner's outstanding hospital bill in the amount of $27,000.

Social Services Law § 366 (5) (b) (2) and the regulations enacted pursuant thereto (18 NYCRR 360.8) provide that the uncompensated value of any nonexempt resource transferred within 24 months of an individual's application for medical assistance shall be presumed to have been made in order to qualify for such assistance. The uncompensated value of the resources will then be included in the applicant's total resources for determining eligibility. An applicant is afforded an opportunity to rebut the presumption by evidence showing that the transfer was made for a purpose other than to qualify for medical assistance (Social Services Law § 366 [5] [b] [2]).

We reject petitioner's contention that she produced sufficient evidence at the fair hearing to show that the transfer of funds herein was for purposes other than to qualify for medical assistance. Petitioner contends that the transfer was consideration for the care provided petitioner by her three

daughters prior to her entry into the hospital. Respondents could properly find this contention not credible. The funds each daughter was given were equal and bore no relationship to the amount of care each daughter rendered petitioner. On the contrary, such evidence supports the conclusion reached by respondents. Petitioner's other explanations and reasons for the transfer likewise could properly be found insufficient to rebut the statutory presumption that petitioner made the transfer of funds for the purpose of qualifying for medical assistance. The determination should therefore be confirmed.

Petitioner also argues that the County Department assumed a duty to protect her interests and failed to fulfill that duty when it determined that she should be admitted to the hospital and then, when her need for acute care ended, it did not help to move her to a custodial care facility in violation of Social Services Law § 473. However, since petitioner failed to raise this issue at the fair hearing, it cannot now be raised in this court for the first time (see, Matter of Haz-O-Waste Corp. v Williams, 103 AD2d 1001; Matter of Town of Candor v Flacke, 82 AD2d 951, 952).

However, we do find merit to petitioner's contention that the County Department failed to comply with the provisions of the fair hearing determination which directed that petitioner be notified of her period ineligibility for medical assistance so that her representatives would understand the conditions of any future medical assistance applications they may wish to submit on petitioner's behalf. The County Department, as an agent of the State Department of Social Services, is bound by the fair hearing determination and must comply with its directives (see, Matter of Beaudoin v Toia, 45 NY2d 343, 347-348; Matter of Patterson v Blum, 86 AD2d 893, 894; see also, 18 NYCRR 358.22).

We have considered petitioner's other arguments for correction of respondents' determination and find them without merit.

Determination modified, without costs, by directing that respondent Montgomery County Commissioner of Social Services give the notice of ineligibility required in the fair hearing determination, and, as so modified, confirmed. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.