■ In the Matter of LOURDES OLIVERAS, Appellant, v WILLIAM J. GRINKER, Respondent.—In a proceeding pursuant to CPLR article 78 to compel the respondent Commissioner of the Department of Social Services of the City of New York to comply with the State Commissioner's "Decision After Fair Hearing" dated June 24, 1987, restoring full public assistance benefits to the petitioner and her child, the petitioner appeals from so much of an order and judgment (one paper) of the Supreme Court, Queens County (LeVine, J.), dated October 3, 1988, as limited the retroactive payment of public assistance arrears to the period subsequent to June 24, 1987.

Ordered that the judgment is reversed insofar as appealed from, without costs or disbursements, and the respondent is directed to restore the petitioner's full grant of public assistance retroactive to the date of its reduction.

It is beyond cavil that the respondent New York City Department of Social Services, as an agent of the New York State Department of Social Services, is bound by the fair hearing decision issued in this case, and must comply with its directives (see, 18 NYCRR 358-4.4; Matter of Beaudoin v Toia, 45 NY2d 343; Matter of Pellegrini v Reidy, 150 AD2d 866; Matter of Patterson v Blum, 86 AD2d 893). Since the fair hearing decision at bar clearly contemplated the continuation of full public assistance benefits to the petitioner and her child, we agree with the petitioner's contention that the Supreme Court should have directed the respondent agency to reimburse her for all underpayments caused by the reduction in her benefits pursuant to a notice effective November 9, 1986 (see generally, 18 NYCRR 352.31 [f]). Kunzeman, J. P., Kooper, Eiber and O'Brien, JJ., concur.