■ In the Matter of ADL, INC., Appellant, v CESAR A. PERALES, as Social Services Commissioner of the State of New York, et al., Respondents.—Judgment, Supreme Court, New York County (Harold Baer, Jr., J.), entered December 10, 1990, dismissing petitioner-appellant's CPLR article 78 petition challenging as arbitrary and capricious respondent's denial of petitioner-appellant's application for re-enrollment as a Medicaid provider pursuant to 18 NYCRR part 504, unanimously affirmed, without costs.

The scope of judicial review of an administrative determination is limited to ascertaining whether it is rationally-based. *(Matter of Pell v Board of Educ.,* 34 NY2d 222.) Here, denial of petitioner-appellant's application for re-enrollment as a Medicaid provider cannot be considered arbitrary or capricious, in light of numerous documented practice deficiencies detected through State Department of Health surveys of petitioner-appellant's laboratory practices, and in light of the findings of petitioner-appellant's employment of unqualified laboratory personnel, lack of quality control, improper handling of specimens, inadequate record-keeping, and poor laboratory management. As the New York State Department of Social Services has wide discretion to determine whether to enter into a contract with an applicant under the Medicaid provider program, and as the basis for its determination to deny re-enrollment in this case was conveyed to petitioner-appellant and is quite rational, there is no merit to petitioner-appellant's claim that respondents' denial of its application for re-enrollment was arbitrary and capricious. *(See, Matter of Karanja v Perales,* 163 AD2d 264.)

We have reviewed petitioner-appellant's additional claims

and find them to be without merit. Concur—Carro, J. P., Ellerin, Wallach, Kupferman and Kassal, JJ.