■ In the Matter of ROCKLAND MEDILABS, INC., Respondent, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES et al., Appellants.—Levine, J. Appeal from a judgment of the Supreme Court (Cheeseman, J.), entered December 20, 1991 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondents to reinstate petitioner as a provider in the Medicaid program.

Petitioner is a clinical laboratory which, until May 9, 1989, provided services to Medicaid recipients. Pursuant to a decision after hearing, dated March 9, 1990, petitioner was excluded from participation in the Medicaid program for a period of six months based on a determination by a designee of respondent Commissioner of Social Services that petitioner had received Medicaid overpayments in the amount of $471,055 and that it had engaged in an unacceptable practice. In April 1990, petitioner made a request for reinstatement in the Medicaid program (see, 18 NYCRR 515.9) and submitted the requisite application for enrollment (see, 18 NYCRR part 504). Petitioner's application was denied by respondent Department of Social Services and, upon petitioner's subsequent request for reconsideration, the original determination was affirmed.

Petitioner thereafter commenced this CPLR article 78 proceeding challenging the determination and seeking reinstatement as a Medicaid program participant retroactive to the date six months after its initial exclusion. Respondents moved to dismiss the petition, raising objections in point of law. Without addressing respondents' motion, Supreme Court granted the petition, concluding that the Department had acted in contravention of its own March 1990 hearing decision. This appeal by respondents ensued.

There should be a reversal. Initially, we note that Supreme Court erred in determining that petitioner was entitled to

automatic reinstatement upon the expiration of petitioner's six-month exclusion from the Medicaid program. Although respondents were bound by the fair hearing determination which resulted in the sanction and were required to comply with its directives *(see, Matter of Pellegrini v Reidy,* 150 AD2d 866, 868), that determination did not provide for petitioner's automatic reinstatement. Rather, once the specified exclusion period had passed, petitioner became eligible for reinstatement and did in fact apply for reenrollment *(see,* 18 NYCRR 515.9 [a]). It was then up to respondents to determine whether to grant petitioner's request *(see,* 18 NYCRR 515.9).

There is no guaranteed right to reenrollment as a participant in the Medicaid program and, as this Court has noted, in determining an application for reinstatement respondents have "a wide, virtually unlimited range of discretion, under guidelines permitting the sole reasons for rejection to be based on policy or subjective factors not susceptible to judicial review" *(Matter of Bezar v New York State Dept. of Social Servs.,* 151 AD2d 44, 49). The scope of judicial review here is limited to whether respondents' decision was rationally based and, on the record before us, we cannot say that it was arbitrary or capricious *(see, Matter of ADL, Inc. v Perales,* 171 AD2d 442, *lv denied* 78 NY2d 851). The regulations provide that respondents "may grant reinstatement only if it is reasonably certain that the violation(s) that led to sanction will not be repeated" (18 NYCRR 515.9 [e]). Here, respondents provided a summary of the factors they considered and determined that petitioner had "failed to provide any assurances that previous audit deficiency findings [would] not be repeated". In requesting administrative reconsideration of the Department's denial, petitioner did not challenge the facts upon which that denial was based, concentrating instead on the measures taken by it to prevent the reoccurrence of previous deficiencies. Thus, insofar as the underlying facts were not disputed, it was for respondents to draw the conclusions based on those facts and this Court will not substitute its judgment for that of respondents *(see, Matter of Karanja v Perales,* 163 AD2d 264, 267-268, *lv denied* 76 NY2d 715). Accordingly, the petition should be dismissed.

Weiss, P. J., Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.