■ In the Matter of WALLACE PETERS et al., Respondents, v JAMES P. McCAFFREY, as Commissioner of the Department of Social Services, County of Albany, Appellant.—Levine, J. Appeal from a judgment of the Supreme Court (Kahn, J.), entered July 2, 1991 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent refusing to renew petitioners' foster parent certificate.

Petitioners were certified by the Albany County Department of Social Services (hereinafter Albany County DSS) as foster parents in 1987. In 1989, one of the children placed in their home by the Albany County DSS ran away and reported to the agency various acts of misconduct by petitioners, which constituted violations of State Department of Social Services (hereinafter State DSS) regulations governing foster homes. Approximately two months later, a report of physical abuse of an eight-year-old child who had been placed in petitioners' home was received. After an investigation, respondent removed all four of the foster children then living in petitioners'

home, based upon alleged conduct constituting the following violations of State DSS regulations: 18 NYCRR 441.9 (a), (c), (e); 444.5 (c) (1), (2), (5), (11). Additionally, by letter of April 6, 1990, respondent notified petitioners that, effective May 1990, their foster parent certification would not be renewed because of the same violations of the regulations and the fact that two of the incidents that were investigated resulted in indicated reports of child abuse and maltreatment with the State Central Register of Child Abuse and Maltreatment.

With respect to respondent's removal of all of the foster children placed in petitioners' care, petitioners invoked their statutory right to a fair hearing before the State DSS (see, Social Services Law § 400 [2]). Following the fair hearing, the State Commissioner of Social Services found that only one of the charges of petitioners' misconduct had been established, i.e., that petitioner Susan Peters "in anger and as punishment, dragged [the eight-year-old child] across a rug thereby inflicting a two centimeter by five centimeter bruise or burn to her back", and thereby violated the provision in the State regulations prohibiting a foster parent from administering corporal punishment to a foster child (see, 18 NYCRR 441.9 [c]). The State Commissioner, however, upheld the removal of all four children because of that single violation. On review by this Court, the determination to remove the eight-year-old child and her brother was upheld, but the removal of the two other foster children then living in petitioners' home was annulled on the ground that the State Commissioner had failed to explain the relationship between the welfare of those children and the single isolated incident involving the eight-year-old child, to which the other children were not exposed or of which they may not even have been aware (see, Matter of Peters v McCaffrey, 173 AD2d 934, 935-936).

After exhausting their administrative remedies, petitioners also brought the instant CPLR article 78 proceeding to challenge respondent's determination denying renewal of their certificate as foster parents. Supreme Court annulled respondent's determination and granted the petition in all respects. The court ruled in substance that it was arbitrary and capricious for respondent to deny recertification to petitioners on the basis of charges of violations that were found lacking in merit in the companion proceeding involving the removal of foster children from petitioners' care. This appeal followed.

We agree with Supreme Court that annulment was required of respondent's determination to deny petitioners' recertification as foster parents. The record does not support respon-

dent's claim on appeal that the denial of recertification was actually based solely upon the violation of the regulations upheld in the renewal proceeding, arising out of the physical disciplining of the eight-year-old child, rather than upon all of the charged violations of the regulations set forth in respondent's letter of April 6, 1990. This being the case, we must conclude that it was arbitrary and capricious for respondent to have denied petitioners' recertification on an array of charges, all but one of which were conclusively found to be unsubstantiated.

On the other hand, public welfare agencies are generally accorded wide discretion to determine whether to accept an application to review a person's status as a provider of publicly financed social services (see, Matter of ADL Inc. v Perales, 171 AD2d 442, lv denied 78 NY2d 851). Neither the governing statutory provision (see, Social Services Law § 378) nor the pertinent regulatory provisions (18 NYCRR 444.6, 444.7) restrict such discretion. We therefore are unable to conclude, as a matter of law, that, under any of the circumstances revealed in the record apart from the charges of misconduct of which petitioners were exonerated, it would have been arbitrary and capricious of respondent to deny petitioners' recertification as foster parents. It follows that insofar as the judgment enjoins respondent to grant recertification of petitioners as foster parents, it should be modified to vacate that direction, and the matter should be remitted to respondent to reconsider petitioners' application for recertification in accordance with our decision.

Weiss, P. J., Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by vacating so much thereof as directed respondent to recertify petitioners as foster parents; matter remitted to respondent for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.