■ In the Matter of PHYLLIS SCIRICA, Respondent, v MARY JO BANE et al., Appellants. [627 NYS2d 742] —In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the respondent Barbara J. Sabol, Commissioner of the New York City Department of Social Services, to comply with the decision after fair hearing of the respondent Mary Jo Bane, Commissioner of the State Department of Social Services, dated March 13, 1992, which directed the New York City Depart-

ment of Social Services to issue a refund to the petitioner in the sum of $4,626.38, the appeals are from a judgment of the Supreme Court, Queens County (Kassoff, J.), dated October 15, 1993, which granted the petition and awarded the petitioner $17,850 in attorney's fees.

Ordered that the judgment is modified by deleting the provision thereof which awarded the petitioner attorney's fees in the sum of $17,850, and substituting therefor a provision denying that branch of the petition; as so modified, the judgment is affirmed, without costs or disbursements.

The petitioner received public assistance from the New York City Department of Social Services while her application for Supplemental Security Income (hereinafter SSI) was pending with the Social Security Administration. Upon approval of her SSI application, the initial retroactive payment, covering the same period during which she had been receiving public assistance, was sent directly to the New York City Department of Social Services (hereinafter the City DSS). After receiving notification from the City DSS that it was retaining the entire amount of the initial SSI payment as reimbursement for the public assistance she had received, the petitioner requested a fair hearing to determine if she was entitled to a refund and also requested copies of certain documents from the City DSS. The City DSS failed to respond to the petitioner's document request, and failed to appear at the fair hearing. Based on the evidence that the petitioner presented at the fair hearing, the Commissioner of the New York State Department of Social Services (hereinafter the Commissioner) determined that the petitioner was entitled to the full amount of the initial SSI check and directed the City DSS to issue a refund in that amount to the petitioner. When the City DSS failed to comply with the Commissioner's determination, the petitioner commenced the instant CPLR article 78 proceeding.

The City DSS was required to provide a timely response to the petitioner's document request prior to the fair hearing (see, 18 NYCRR 358-3.7 [b] [2]; 358-4.2 [c]), and was required to appear at the fair hearing (see, 18 NYCRR 358-4.3 [b]). Furthermore, after the Commissioner rendered her determination, the City DSS did not move to reopen the fair hearing for purposes of completing the record nor did it move to stay the determination pending review. Therefore, it was required to comply with the Commissioner's determination (see, Social Services Law § 22 [9] [a], [c]; see also, 18 NYCRR 358-6.6 [b]; Matter of Oliveras v Grinker, 170 AD2d 510).

However, we find that the special circumstances of this case

render the award of attorney's fees against the Commissioner unjust (see, CPLR 8601 [a]; cf., Matter of Thomas v Coughlin, 194 AD2d 281, 283).

There is no merit to the appellants' remaining contentions. Sullivan, J. P., O'Brien, Thompson and Hart, JJ., concur.