■ In the Matter of DONALD L. BONNER et al., Respondents, v MONROE COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Appellants. [730 NYS2d 606] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to respondent Monroe County Department of Social Services for further proceedings in accordance with the following Memorandum: Supreme Court upon renewal properly annulled the determination of Monroe County Department of Social Services (respondent) refusing to place a foster child in petitioners' home. The determination was based on the fact

that a handicapped child previously placed in petitioners' home had died as a result of trauma. Two reports of inadequate guardianship had been filed with the State Central Registry of Child Abuse and Maltreatment, and respondent initially deemed the reports "indicated" without placing petitioners on notice of its finding in accordance with Social Services Law § 424 (6). Petitioners requested a fair hearing pursuant to Social Services Law § 422 (8). When respondent declined to appear at the hearing, the Administrative Law Judge directed respondent to expunge the records concerning the reports. Although petitioners remain certified foster care providers, respondent has refused to place foster children in their home. Respondent issued a post-hearing report setting forth its reasons for not utilizing petitioners' home for foster care. In the report, respondent rejected the conclusion of the Medical Examiner that the cause of the child's death is undetermined, and determined that it would not be in "the best interests" of any child to be placed in petitioners' home. The post-hearing report was based on the personal recollections of respondent Director and another employee of respondent regarding the incident, the expunged records of the incident, and media accounts that were in existence at the time of the administrative hearing.

Contrary to respondents' contention, the court properly applied the arbitrary and capricious standard of review in this CPLR article 78 proceeding (see, CPLR 7803 [3]) rather than the "best interest" standard urged by respondents, for which there is no legal basis. We conclude that it was arbitrary and capricious for respondent to have based its determination upon personal recollections, expunged records and media accounts of facts and circumstances relating to charges that were ultimately not substantiated (see, Matter of Peters v McCaffrey, 189 AD2d 1002). The legal framework for resolving allegations of child abuse and neglect is set forth in Social Services Law article 6, title 6. Respondent did not avail itself of the opportunity to present evidence at the administrative hearing, and its issuance of the post-hearing report was " 'an impermissible circumvention of the express purpose of [the Social Services Law]' " (Matter of Timothy M. [appeal No. 2], 280 AD2d 969, 970, lv denied 96 NY2d 713).

We further conclude, however, that the court erred in directing respondent to utilize petitioners' home for foster care as long as petitioners' home is a certified foster care home. We therefore modify the judgment by vacating that directive, and we remit the matter to respondent to reconsider the placement

of foster children in petitioners' home in accordance with our decision. Public welfare agencies such as respondent are accorded wide discretion in the discharge of their duties (*see, Matter of Peters v McCaffrey, supra,* at 1004; *Matter of ADL, Inc. v Perales,* 171 AD2d 442, *lv denied* 78 NY2d 851), and respondent's duties include the determination of the proper placement of children in particular foster homes. No provision of the Social Services Law restricts the exercise of respondent's discretion in that respect. (Appeal from Judgment of Supreme Court, Monroe County, Affronti, J.—CPLR art 78.) Present— Pigott, Jr., P. J., Hayes, Hurlbutt, Burns and Gorski, JJ.