Rodouane A. JAOUAD and Jose
A. Vazquez, Plaintiffs,

v.

The CITY OF NEW YORK
et al., Defendants.

No. 97 CIV. 4394(CBM).

United States District Court,
S.D. New York.

May 11, 1998.

Irving Bizar, Bizar, Martin & Taub, LLP,
New York, NY, for Plaintiffs.

## MEMORANDUM OPINION

MOTLEY, District Judge.

Plaintiffs Redouane A. Jaouad and Jose A. Vazquez ("Jaouad and Vazquez") sued, in the form of a class action, defendants City of New York, New York City Department of Transportation ("DOT"), New York City Department of Finance ("DOF"), and New York City Parking Violations Bureau ("PVB") (collectively: "the City") under 42 U.S.C. § 1983. The City moved to dismiss under Fed.R.Civ. Proc. 12(b)(6). For the reasons to be discussed below, the motion is GRANTED. However, plaintiffs are given 60 days to file an amended complaint.

## BACKGROUND

New York's Vehicle and Traffic Law § 238(2) sets forth required elements to be written on parking tickets issued in cities with populations greater than 100,000, including New York City. Specifically:

A notice of violation shall be served personally upon the operator of a motor vehicle who is present at the time of service, and his name, together with the plate designation and the plate type as shown by

the registration plates of said vehicle and the expiration date; the make or model, and body type of said vehicle; a description of the charged violation ... information as to the days and hours of the applicable rule or provision of this chapter is in effect... the meter number for a meter violation... and the date, time and particular place of occurrence of the charged violation, shall be inserted therein..... The notice of violation shall be served upon the owner of the motor vehicle if the operator is not present, by affixing such notice to said vehicle in a conspicuous place. Whenever such notice is so affixed, in lieu of inserting the name of the person charged with the violation in the space provided for the identification of said person, the words "owner of the vehicle bearing license" may be inserted to be followed by the plate designation and the plate type as shown by the registration plates of said vehicle and the expiration date; the make or model, and body type of said vehicle; a description of the charged violation ... information as to the days and hours of the applicable rule or provision of this chapter is in effect... the meter number for a meter violation... and the date, time and particular place of occurrence of the charged violation.

If a ticket fails to include or includes in an inaccurate or illegible manner one or more of the required elements of a parking ticket, the ticket can be dismissed upon application of the ticket recipient. *See* Vehicle and Traffic Law § 238(2–a). Parking tickets do not explain that such omissions, inaccuracies, or illegible writings amount to technical defects which warrant vacation of the ticket upon application of the recipient, although they do set forth general procedures for appealing tickets. If a respondent wishes to raise a statutory defect after a default judgment has been entered against the respondent, he or she must first show an excuse for the default.

Until 1995, parking tickets which contained a statutory defect were to be dismissed *sua sponte* by administrative law judges for the PVB. Since the 1995 amendment to the Vehicle and Traffic Law which added VTL § 238(2–a), administrative law judges ("ALJs") have not been instructed to automatically dismiss defective parking tickets. However, tickets are vacated even without the recipient (respondent) raising noncompliance with the Vehicle and Traffic Law's statutory elements if the ALJ finds that the statutory defect in the summons would result in the denial of the respondent's due process rights. The Acting Chief Administrative Law Judge identified the due process issues that would need to arise, such as "in any manner where a defense concerns a question of whether the correct party has been identified as being liable for a parking violation, or where the absence of required information prevents a party from asserting an appropriate defense," in order for a ticket to be vacated *sua sponte* post 1995. Exh. F at 2.

Jaouad and Vazquez allege that the City's practice of issuing parking tickets, also called summonses which omit to mention that tickets with statutory defects must be dismissed upon application violates due process of law. They allege that defendant City has instructed the ALJs of the PVB to refrain from dismissing summonses which are patently in violation of the VTL in order to increase the considerable revenues it derives from parking tickets.[1] They allege that the City's campaign to raise revenue disproportionately affects non-English speakers, among others. They also allege that they are deprived of their right to have defective tickets vacated when default judgment has already been entered against them because of the need to provide an excuse for the default.

Jaouad and Vazquez seek the following: determination that this case is a properly maintainable class action; an order permanently enjoining defendants from pursuing the challenged policies, practices, and proce-

1. Plaintiffs also allege that the Department of Finance is improperly controlling the PVB because of the lack of enabling legislation for this supervision and control. *See* Compl., ¶ 9. However, as no attempt is made by plaintiffs to surmount the obvious standing problem, the court will not address the institutional structure of the DOF and the PVB per se. Insofar as plaintiffs connect the structure of the PVB to allegedly impermissible policy directives given to the PVB, these allegations will be discussed below.

dures and requiring the City to inform all recipients of jurisdictionally defective summonses of their right to have such summonses dismissed; refund from and damages against the City; and attorneys' fees.

## ANALYSIS

### A. Motion to Dismiss for Failure to State a Cause of Action

A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond a doubt that plaintiff can prove no set of facts in support of his or her claim which would entitle him or her to relief. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Moreover, when passing on a motion to dismiss, the court must accept the allegations in the complaint as true and construe them in favor of the pleader. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Dwyer v. Regan,* 777 F.2d 825 (2d Cir.1985).

### B. Plaintiffs' Constitutional Due Process Claim

■ Jaouad and Vazquez assert jurisdiction based on 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 provides in relevant part that "[e]very person who, under color [of law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable ...." Thus, 42 U.S.C. § 1983 does not itself confer any substantive rights on litigants, but rather provides a remedy in instances in which a plaintiff demonstrates a violation of a right protected by the Constitution or by federal law. *See Graham v. Connor,* 490 U.S. 386, 394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); *Chapman v. Houston Welfare Rights Organization,* 441 U.S. 600, 617, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979).

Jaouad and Vazquez allege that the Fourteenth Amendment's due process clause is implicated in this case because parking ticket recipients are not informed that defective summonses can be vacated upon application of the recipient and, in cases where a default judgment against the ticket recipient has been entered, even an application to vacate will not be entertained unless there was excusable default. According to plaintiffs, due process is violated because no *jurisdiction* over ticket recipients is conferred by the issuance of a defective ticket and thus no fine against the vehicle owner or operated can be levied.

■ For purposes of constitutional—as distinct from statutory—analysis, it is well-settled that the requirements of due process are notice of the pendency of an action and a meaningful opportunity to be heard. *See Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Mullane v. Central Hanover Bank & Trust,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Recipients of parking tickets receive a summons which explains the parking violation and which sets out the procedure for contesting the ticket. In addition, the PVB sends out three additional notices which advise a vehicle owner of outstanding summonses and which reiterate procedures for appeal. Respondents are informed of a phone number they can call 24 hours a day and a number of walk-in help centers are available.

■ Procedural due process under the Fourteenth Amendment does not require the additional safeguard that ticket recipients be informed of their right to have a defective summons vacated. All defects—such as a misdescription of one number on the plate or an illegible description of the car's model in an otherwise readable ticket—surely cannot be said to deprive the ticket recipient of notice that it is his or her car which violated a rule. Moreover, if the ticket is so poorly drafted as to create the sort of confusion that would impinge on notice and opportunity to be heard, there is a policy requiring ALJs to vacate such tickets. Notably, Jaouad and Vazquez have not alleged that this policy is not honored by the ALJs. Thus, the PVB's general policies—both the practice of sending out multiple notices and the mandate for the ALJs to vacate tickets which could raise due process issues—satisfy the due process requirement of notice.

■ With respect to opportunity to be heard in a meaningful manner, Jaouad and

Vazquez are not attacking the PVB's general appeals process.[2] Instead, they allege that the City, in order to raise revenue, sets forth unconstitutional limitations on the opportunity to be heard, namely: (1) the requirement to make a specific application to have a defective summons vacated "virtually assures that non-English speaking recipients will have no opportunity to protest their summonses" and (2) recipients are denied copies of summonses in default until after they have been adjudicated guilty and paid a fine and, in default cases, the application to dismiss for a defective summons will not be heard unless there is excusable default. In light of the fact that ALJs are to vacate invalid tickets, if any one ALJ does not do so—or if any one ALJ arbitrarily denies an application for lack of specific phraseology—the respondent has recourse to an Article 78 procedure. Moreover, ticket recipients have constitutionally sufficient opportunity to be heard prior to the entering of default judgments. Plaintiffs have not been able to explain why the requirement that a default be excused is unconstitutional.

Jaouad and Vazquez's constitutional due process claim, as it stands now, is DENIED.

## C. Plaintiffs' State Law Claims

Jaouad and Vazquez allege that the 1995 amendment to the Vehicle and Traffic Law was to increase the number of defective tickets which were vacated by providing the additional safeguard that if the ALJ did not vacate a ticket, then a respondent could demand to have it vacated. They refer to case law in the New York Court of Appeals which established that the "provisions explicitly prescribed by the Legislature in the [VTL § 238(2)] statute are mandatory" (*Ryder Truck Rental, Inc. v. Parking Violations Bureau et al.,* 62 N.Y.2d 667, 476 N.Y.S.2d 285, 286, 464 N.E.2d 983 (Ct.App.1984)) and held that "a misdescription of any of the five mandatory identification elements also mandates dismissal." (*Wheels, Inc. v. Parking Violations Bureau, et al.,* 80 N.Y.2d 1014, 592 N.Y.S.2d 659, 607 N.E.2d 806 (Ct.App. 1992). Plaintiffs note that since the 1995 amendment, the PVB ALJs were explicitly and unlawfully directed to "cease engaging in the activities known as ... 'Wheels' reviews of judgment and non-judgment summons," i.e., to cease dismissing summonses sua sponte unless due process is implicated. Exh. F at 2. In essence, Jaouad and Vazquez are alleging that the PVB, an agency, has wrongly and unlawfully interpreted state law.

Because the court is dismissing the federal cause of action under 42 U.S.C. § 1983 it hereby declines to adjudicate this state law claim. *See* 28 U.S.C. § 1367(c)(3); *see also Travelers Ins. Co. v. Keeling,* 996 F.2d 1485, 1490 (2d Cir.1993) (where "all federal-law claims are eliminated before trial [the district court should] declin[e] to exercise jurisdiction over the remaining state law claims"). If plaintiffs choose to amend their complaint under § 1983 and if their claims are cognizable, the court will regain jurisdiction over the state law claim. Otherwise, the state law claim is DISMISSED WITHOUT PREJUDICE so that plaintiffs may refile in state court.

## CONCLUSION

Defendant New York City et al.'s motion to dismiss for failure to state a valid 42

---

**2.** A recent case, *C.A.U.T.I.O.N. v. City of New York,* 898 F.Supp. 1065, 1074–75 (S.D.N.Y.1995) (Kaplan, J.), sustained against a 12(b)(6) challenge the plaintiffs' claim that "the adjudicative process before the PVB hearing examiners is fundamentally unfair ... the examiners ... routinely sustain tickets in the face of overwhelming evidence favoring the respondent ." Despite the availability of Article 78 procedures in individual cases, plaintiffs had alleged that "these deprivations result from defendants' instructions to ... hearing examiners... that summonses contribute substantial revenues to the City of New York and defendants' pressure for these individuals to misuse their power for the purpose of raising revenue." The court held that since "those responsible for adjudicating charges of parking violations are appointees, directly or indirectly, of the [Department of Finance] official charged with collecting City revenues... this fact lends at least some circumstantial support to plaintiffs' allegation by suggesting that the hearing examiners may have reason to be receptive to pressures of the sort plaintiffs allege that defendants have brought to bear." *Id.* The C.A.U.T.I.O.N. plaintiffs later withdrew their claim that the adjudicative process in the PVB was tainted, however. *See All Aire Conditioning, Inc. v. City of New York et al.,* 979 F.Supp. 1010, 1014 (S.D.N.Y.1997) (Kaplan, J.).

U.S.C. § 1983 claim is GRANTED. Plaintiffs have 60 days to file an amended complaint. If the plaintiffs do not amend their complaint, the court declines jurisdiction over the state law claim.