Redouane A. JAOUAD and Jose A. Vazquez, Plaintiffs,

v.

CITY OF NEW YORK; New York City Department of Transportation; New York City Department of Finance; and, New York City Parking Violations Bureau, Defendants.

No. 97 Civ. 4394(CBM).

United States District Court, S.D. New York.

March 13, 1999.

Bizar Martin & Taub, LLP by Irving Bizar, New York City, for plaintiffs.

New York City Law Department by Michael D. Hess, Corporation Counsel for City of New York, Michael H. Williams, Assistant Corporation Counsel for City of New York, New York City, for defendants.

## MEMORANDUM OPINION

MOTLEY, District Judge.

Plaintiffs, Redouane A. Jaouad ("Jaouad") and Jose A. Vazquez ("Vazquez"), brought a class action suit against defendants, the City of New York, the New York City Department of Transportation ("DOT"), the New York City Department of Finance ("DOF"), and the New York City Parking Violations Bureau ("PVB") (collectively: "the City"), alleging that defendants violated 42 U.S.C. § 1983 by enforcing statutorily defective parking tickets ("Tickets") against plaintiffs. Before the court is defendant's Fed.R.Civ.P. 12(b)(6) motion to dismiss the amended complaint. For the reasons discussed below, defendants' motion to dismiss is GRANTED.

## I. BACKGROUND

Plaintiffs filed a class action against defendants on June 16, 1997, alleging violations of constitutional due process in the administrative enforcement of Tickets. In the original complaint, plaintiffs alleged that they were unconstitutionally deprived their *federal due process rights* because: (1) Tickets could only be dismissed upon application by the Ticket recipient, and not *sua sponte*, as had been the practice before 1995; (2) Ticket recipients were not informed of their right to have the Tickets dismissed for being statutorily defective; (3) Ticket recipients who had a default judgment entered against them could not get the Tickets dismissed without first providing a good excuse for the default; and (4) the PVB administrative law judges ("ALJs") in charge of the enforcement of the Tickets were allegedly biased due to their appointment and connection with the

DOF, which derives a substantial source of City revenue through the enforcement of Tickets. *See* Compl. at ¶¶ 1, 11, 16, 17. Plaintiffs further alleged that defendants' practices also violated New York state law. *See* Compl. at ¶ 14.

The statutory authority governing this dispute is the New York State Vehicle and Traffic Law ("VTL"), § 238(2), which requires certain information to be on the face of all parking tickets. Specifically, VTL § 238(2) requires the following:

A notice of violation shall be served upon the operator of a motor vehicle ... and his name, together with the plate designation and the plate type ... the make or model, and body type of said vehicle; a description of the charged violation ... information as to the days and hours the applicable rule or provision of this chapter is in effect ... and the date, time, and particular place of occurrence of the charged violation, shall be inserted therein.

Prior to 1995, ALJs dismissed Tickets containing statutory defects *sua sponte*. However, the VTL was amended in 1995 to include Section 238(2–a)(b), which provides that "if any information which is required to be inserted on a notice of violation is omitted ..., misdescribed, or illegible, then the violation shall be dismissed *upon application* of the person charged with the violation." (emphasis added).

On September 12, 1995, Acting Chief ALJ Rabinowitz wrote a memorandum to all the PVB ALJs regarding the new amendment to VTL § 238. The ALJs were instructed not to *sua sponte* dismiss all Tickets but instead to assess whether the statutory defect impinged on due process, such as "in a manner where a defense concerns a question of whether the correct party has been identified as being liable for a parking violation, or where the absence of required information prevents a party from asserting an appropriate defense" Ex. F to Williams Dec.Supp.Defs.' Mot. to Dismiss ("Williams Dec.") at 2. If the ALJ determines that the defect did impinge on the Ticket recipient's due process rights, then the ALJ must vacate the Ticket *sua sponte*, regardless of whether the Ticket recipient made an application as called for by VTL § 238(2–a)(b). *See Id.*

The crux of this lawsuit is over the policy enacted by the Acting Chief ALJ regarding the *sua sponte* dismissals of Tickets post–1995. While plaintiffs allege that all statutory defects amount to jurisdictional defects that must be dismissed *sua sponte, see* Pls.' Mem.Opp.Summ.J. (hereafter "Pls.' Br.") at 9, defendants claim that the ALJs have the discretion not to dismiss all Tickets *sua sponte*, but rather to require the Ticket recipient to request dismissal pursuant to Section 238(2–a)(b) and reserve *sua sponte* dismissals for misdescriptions or omissions that impinge on due process as outlined in Acting Chief ALJ Rabinowitz's memorandum. *See* Defs.' Mem.Supp.Summ.J. ("Defs.' Br.") at 3–4.

On May 11, 1998, the court dismissed this case, without prejudice, for failure to state a claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jaouad and Vazquez v. City of New York, et al.,* 4 F.Supp.2d 311 (S.D.N.Y. 1998) (Motley, J.). The court held that the requirements of constitutional due process, *i.e.* notice and a meaningful opportunity to be heard, were adequately met. The court found that the City provided each Ticket recipient with a summons describing the parking violation and the mechanism for contesting the violation. The court opined that the PVB provided sufficient safeguards by sending Ticket recipients three additional notices advising them of outstanding summonses and reiterating the appeals procedure. Ticket recipients were also informed of the availability of a 24–hour helpline and numerous walk-in centers should they require further assistance. The court held that these safeguards satisfied the notice requirement. *See Id.* at 313. The court also explained that due process did not require the further safeguard that Ticket recipients be

informed of their right to have their Tickets vacated since not all defects deprived plaintiffs of due process. The court held that the ALJs' post–1995 *sua sponte* dismissal policy also served to protect against any violation of plaintiffs' due process rights. *See Id.*

As for the second prong of federal due process analysis, *i.e.*, meaningful opportunity to be heard, the court held that no unconstitutional limitations were placed on plaintiffs' right to be heard. The court determined that Article 78 proceedings, the mechanism for reviewing individual ALJ determinations, served as an adequate remedy for plaintiffs who wanted to challenge an adverse decision by an ALJ. Moreover, the court held that plaintiffs who wished to vacate their Tickets after a default judgment had been entered against them equally had a meaningful opportunity to be heard *prior* to the entering of the default judgment. The court held that plaintiffs' failure to provide a good excuse for the default was not an unlawful limitation on their opportunity to be heard. *See Id.* at 314.

The court gave plaintiffs sixty (60) days leave to file an amended complaint. Plaintiffs filed an amended complaint on June 16, 1998, and the City again moved to dismiss. *See Id.* at 315.

## II. DISCUSSION

### A. Standard for Motion to Dismiss Under Fed.R.Civ.P. 12(b)(6)

A motion to dismiss for "failure to state a claim upon which relief can be granted" pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). *See also Mills v. Polar Molecular Corp.,* 12 F.3d 1170, 1174 (2d Cir.1993); *Goldman v. Belden,* 754 F.2d 1059, 1065 (2d Cir. 1985); *Seagoing Uniform Corp. v. Texaco,*

*Inc.,* 705 F.Supp. 918, 927 (S.D.N.Y.1989). Therefore, on a motion to dismiss, all factual allegations of the complaint must be accepted as true. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Frasier v. General Elec. Co.,* 930 F.2d 1004, 1007 (2d Cir. 1991). Additionally, all reasonable inferences must be made in plaintiffs' favor. *See Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir.1996); *Meilke v. Constellation Bancorp,* 90 Civ. 3915(LMM), 1992 WL 47342 at *1 (S.D.N.Y. March 4, 1992). As the Second Circuit has noted, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman,* 754 F.2d at 1067.

### B. Plaintiffs' Amended Complaint

Plaintiffs' amended complaint re-alleges that the City, through its biased enforcement of Tickets, has violated plaintiffs' constitutional due process rights of notice and meaningful opportunity to be heard. *See* Am.Compl. at ¶ 15. Plaintiffs contend that the adjudicative process at the PVB is fundamentally unfair. Calling it a "tainted process," plaintiffs believe that the City's quest to increase revenue "ensure[s] that the recipients of [Tickets] will be found guilty by the ALJs, whose employment is by and who must follow the directives of DOF wh[ose] goal is to increase revenues for the City" Am.Compl. at ¶ 18. Plaintiffs claim that defendants' failure to dismiss the Tickets *sua sponte* results in the deprivation of constitutional due process rights of the recipients, in particular, those who do not speak English. *See Id.* Plaintiffs assert that none of the Ticket recipients were informed of their right to bring an Article 78 proceeding to review an adverse determination by an ALJ nor were plaintiffs informed that the cost of retaining counsel is disproportionate to the fines being imposed. *See* Am.Compl. at ¶ 18. Plaintiffs also allege that the ALJs' post–1995 policy for dismissing Tickets *sua*

*sponte* is not enforced and violates state law. *See* Am.Compl. at ¶ 16.

## C. The Legal Sufficiency of Plaintiffs' Constitutional Claims

■ Plaintiffs' renewed constitutional claims in their amended complaint arise under 42 U.S.C. § 1983. Section 1983 provides that "[e]very person who, under color [of law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable...." Plaintiffs allege that their Fourteenth Amendment rights of procedural due process are being infringed upon through defendants' enforcement of Tickets. Under the Fourteenth Amendment, procedural due process requires notice of the pendency of an action and a meaningful opportunity to be heard before a neutral decision-maker. *See Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Mullane v. Central Hanover Bank & Trust,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

The City contends that the amended complaint merely rehashes the same allegations as pleaded in the original complaint. The court agrees. The amended complaint contains virtually the same allegations as made in the original complaint. The only material difference is plaintiffs' expanded version of their conspiracy theory relating to allegations of bias on the part of ALJs that plaintiffs allege is attributable to the PVB's connection to the DOF, which functions to raise City revenue.

■ As for plaintiffs' original allegations concerning inadequate notice, the court fully addressed those matters in its May 11th opinion and will not repeat its reasoning here. The only new issue that plaintiffs raised in their amended complaint concerning the notice requirement deals with the availability of Article 78 review. Plaintiffs contend that Ticket recipients do not receive notice on the Ticket that Article 78 review is available nor are they informed that the cost of retaining an attorney to represent them is disproportionate to the fines imposed. Plaintiffs claim that this lack of notice results in a denial of due process. *See* Am.Compl. at ¶ 18.

However, the court finds plaintiffs' renewed claims of inadequate notice must fail. Ticket recipients are given notice of the procedure used to challenge the Tickets, namely appearance before an ALJ. Notice of the right to Article 78 review of an adverse ALJ determination is given to anyone who appeals their decision to the Appeals Board of the PVB. This information is printed on all Appeals Board decisions. *See* Ex. D. to Williams Dec.Supp. Defs.' Mot. to Dismiss Am.Compl. at 2. Any adverse determination by an ALJ must be appealed to the Appeals Board prior to bringing an Article 78 action in state court. *See N.Y. City Admin.Code* §§ 19–208, 19–209. Thus, the court finds that due process is not infringed by failing to notify Ticket recipients of their right to Article 78 on the face of the Ticket itself. Moreover, the notice requirement does not mandate that plaintiffs be informed of the economic consequences of retaining counsel for Article 78 purposes. Therefore, the court holds that plaintiffs' claim of lack of notice is legally insufficient.

Plaintiffs' amended complaint also contains new claims regarding the lack of a meaningful opportunity to be heard. In the amended complaint, plaintiffs attack the adjudicatory process more directly, challenging that plaintiffs have been deprived of a meaningful opportunity to be heard because: (1) the ALJs have disregarded their post–1995 *sua sponte* policy regarding dismissal of Tickets; and (2) the ALJs are biased in favor of enforcing Tickets for the purposes of increasing City revenue. *See* Am.Compl. at ¶¶ 16–18.

■ However, the fundamental question, which plaintiffs leave unanswered in their amended complaint, is whether there is any factual basis for the claims that the ALJs do not honor their post–1995 *sua*

*sponte* dismissal policy and are biased in enforcing Tickets. The amended complaint includes a mere one sentence reference that "the defendants have a policy where even [the post–1995 *sua sponte* policy] is not followed," Am.Compl. at ¶ 16, but it is devoid of any factual support for this claim. Even if the complaint did allege antidotal evidence that some ALJs did not follow the post–1995 *sua sponte* policy, the complaint may still fail to state a claim for relief since plaintiffs would be entitled to seek Article 78 review to correct such unauthorized and random errors in individual cases. *See Campo v. N.Y. City Employees' Retirement System,* 843 F.2d 96, 100–03 (2d Cir.), *cert. denied,* 488 U.S. 889, 109 S.Ct. 220, 102 L.Ed.2d 211 (1988) (dismissing procedural due process claim based on the availability of Article 78 review of administrative determination).

■ Similarly, plaintiffs support their bias claim solely by pointing to the institutional structure of the PVB, which is supervised and controlled by the DOF, an agency in charge of the collection of City revenue. Plaintiffs rely exclusively on this connection to infer that the ALJs are being pressured to unlawfully enforce Tickets in violation of recipients' due process rights. *See* Am.Compl. at ¶ 9. This fact alone is insufficient on which to base a procedural due process claim. It is well-settled law that Fed.R.Civ.P.Rule 8 requires that a complaint be pleaded with sufficient particularity "to give the defendant fair notice of what plaintiff's claim is and the grounds upon which it rests" *C.A.U.T.I.O.N., Ltd., et al. v. City of New York, et al.,* 898 F.Supp. 1065, 1070 (S.D.N.Y.1995) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Plaintiffs have failed to allege sufficient facts to show that the PVB's connection with the DOF results in biased enforcement of Tickets by ALJs. Since plaintiffs have failed to provide such support, the amended complaint must be dismissed.

Plaintiffs cite *C.A.U.T.I.O.N.,* 898 F.Supp. 1065, as support for their argument that DOF pressure on the ALJs to increase City revenues is sufficient factual support to withstand a challenge for dismissal. However, the court finds that plaintiffs' reliance on *C.A.U.T.I.O.N.* is misplaced. In *C.A.U.T.I.O.N.,* an association of vehicle owners brought a due process challenge against the City of New York and the PVB, alleging that "the [ALJs] are said routinely to sustain [parking] tickets in the face of overwhelming evidence favoring the respondent, systematically to refuse requests to subpoena the enforcement officers who issued tickets in question, and to ignore the requirement of substantial credible evidence in order to convict" 898 F.Supp. at 1074. Denying defendants' motion to dismiss, the *C.A.U.T.I.O.N.* court held that plaintiffs plead their due process claim with sufficient particularity, alleging "extensive improprieties" including baseless ticketing and towing of vehicles, misuse of power by the ALJs, unlawful restrictions on the appeals process, and failure of the PVB to keep accurate records as required by municipal law. *See Id.* at 1070. The court also held that institutional structure of the PVB lent "some circumstantial support to plaintiffs' allegation by suggesting that the hearing examiners may have reason to be receptive to pressures of the sort plaintiffs allege that defendants have brought to bear" *Id.* at 1075.

This court finds that the *C.A.U.T.I.O.N.* case is distinguishable from the present case. The factual allegations supporting the *C.A.U.T.I.O.N.* plaintiffs' claim that the ALJs were misusing their power are not present in this case. Here, plaintiffs allege that the ALJs are biased solely based on their connection to the DOF. As noted above, this claim of bias is too broad-based and vague on which to base a procedural due process claim. Unlike in *C.A.U.T.I.O.N.,* plaintiffs' amended complaint fails to plead its due process claims with sufficient particularity. Any broad-based allegations of bias on the part of

government officials requires a certain level of specificity and substantiation that must be articulated in the complaint. *See N.Y. State Inspection, Security and Law Enforcement Employees, et al. v. N.Y. State Public Employment Relations Board, et al.*, 629 F.Supp. 33, 39–40 (N.D.N.Y.1984) ("a bare allegation of bias ... does not suffice to state a claim that due process has been violated ... the complaint must contain some specific factual allegations indicating bias ... and not rely only upon conclusions"); *see also, Fariello v. Rodriguez*, 148 F.R.D. 670, 683 (E.D.N.Y.), *aff'd*, 22 F.3d 1090 (2d Cir. 1994) (dismissing Fourteenth Amendment due process claim that was based solely on conclusory allegations). The court cannot treat such claims as legally sufficient when they do not purport to provide a proper factual basis. Thus, based on the facts alleged in plaintiffs' amended complaint, plaintiffs' claim of deprivation of procedural due process cannot stand.

### D. State Law Claim

Plaintiffs re-allege in their amended complaint that the City is violating state law through the enforcement of Tickets. *See* Am.Compl. at ¶ 18. Plaintiffs contend that the City misinterprets the meaning and legislative intent behind VTL § 238(2–a)(b) by enforcing Tickets. According to plaintiffs, this amendment was enacted to be an additional safeguard to increase the number of Tickets vacated for being jurisdictionally defective. *See Id.* Plaintiffs contend that under New York law, any statutory defect on the face of a Ticket is the equivalent to a jurisdictional defect, which deprives the PVB ALJ of subject matter jurisdiction necessary to enforce the Tickets. Plaintiffs' claim that any misdescription or omission on the face of a Ticket is grounds for automatic dismissal as a matter of state law.

However, in dismissing the federal cause of action, this court has decided not to consider the state law claim at this time. Therefore, the state law claim is dismissed, without prejudice, to allow plaintiffs the option of re-filing the state law claim in state court, if they so choose.

## III. CONCLUSION

Thus, accepting all factual allegations of the complaint as true, and making all reasonable inferences in plaintiffs' favor, this court finds and concludes that plaintiff's amended complaint is legally insufficient and unable to withstand a challenge for dismissal. For the foregoing reasons, defendant's motion to dismiss the amended complaint is granted. The amended complaint in this matter is hereby dismissed, with prejudice. However, the state law claim is dismissed, without prejudice, to allow plaintiffs to re-file in state court if they so choose.