■ In the Matter of HERBERT WALKER, Appellant, v NEW YORK CITY, Respondent. [694 NYS2d 2] —Judgment, Supreme Court, New York County (Martin Schoenfeld, J.), entered November 12, 1998, which, in a proceeding challenging the issuance of parking tickets, insofar as appealed from as limited by petitioner's brief, denied petitioner an injunction mandating revision of the New York City Parking Violations Bureau administrative hearing procedures, denied petitioner reimbursement for the damage to his car caused by towing and for the time he spent successfully challenging the tickets, and denied petitioner attorneys' fees and costs pursuant to 42 USC § 1988, and costs pursuant to CPLR 8101, unanimously affirmed, without costs.

The "substantial evidence" standard for establishing a parking violation set forth in respondent's hearing procedures manual does not violate due process (*Matter of Silverstein v Appeals Bd. of Parking Violations Bur.*, 100 AD2d 778, *lv denied*

62 NY2d 606). The due process implications of making the traffic enforcement agent's availability for cross-examination subject to the Hearing Officer's discretion is obviated by the availability of CPLR article 78 relief (see, Jaouad v City of New York, 4 F Supp 2d 311, 314). In this case, for example, the one ticket not found to be 'fraudulent was invalidated by the IAS Court on the ground that the Hearing Officer's refusal to bring in the issuing officer was arbitrary and capricious. Indeed, with respect to the constitutional issues, it is dubious whether petitioner is an aggrieved party with standing to appeal, since the administrative procedures of which he complains served to secure for him restitution of all fines, penalties and expenses that resulted from three of the tickets in issue, and, as noted, judicial recourse secured restitution for the fourth. Petitioner's money claim for the damage caused to his car when it was towed was properly rejected absent evidence that such damage was caused by respondent's employees, and his money claim for the time spent challenging the tickets is not cognizable as a matter of law (cf., All Aire Conditioning v City of New York, 979 F Supp 1010, 1015-1016, affd 166 F3d 1199). Petitioner presented no bona fide civil rights claim that would warrant an award of attorneys' fees and costs (see, Matter of Middleton v Perales, 160 AD2d 800, lv denied 76 NY2d 714, cert denied 502 US 858), and the denial of statutory costs was a proper exercise of discretion. Concur—Sullivan, J. P., Rosenberger, Tom, Saxe and Buckley, JJ.