# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1281**
**CA 16-01141**
PRESENT: WHALEN, P.J., SMITH, CARNI, DEJOSEPH, AND CURRAN, JJ.

---

IN THE MATTER OF MICHAEL PILARZ,
PETITIONER-PLAINTIFF-APPELLANT,

V                                    MEMORANDUM AND ORDER

KEVIN HELFER, COMMISSIONER, DIVISION OF
PARKING ENFORCEMENT FOR CITY OF BUFFALO,
RESPONDENT-DEFENDANT-RESPONDENT.

---

THE O'BRIEN FIRM, P.C., BUFFALO (JOHN P. FORD OF COUNSEL), FOR
PETITIONER-PLAINTIFF-APPELLANT.

TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (JOHN J. HANNIBAL, IV,
OF COUNSEL), FOR RESPONDENT-DEFENDANT-RESPONDENT.

---

Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (John F. O'Donnell, J.), entered February 3, 2016 in a CPLR article 78 proceeding and declaratory judgment action. The order and judgment granted the motion of respondent-defendant to dismiss the petition.

It is hereby ORDERED that the order and judgment so appealed from is unanimously modified on the law by granting judgment in favor of respondent-defendant as follows:

It is ADJUDGED and DECLARED that section 307-8 (D) of the Code of the City of Buffalo is not facially unconstitutional,

and as modified the order and judgment is affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking vacatur of his guilty plea to a traffic summons, a return of fines paid, and a declaration that either section 307-8 (D) of the Code of the City of Buffalo (Code) or the policies of the City of Buffalo Division of Parking Enforcement (City) are unconstitutional. The essence of petitioner's claim is that after his vehicle was towed by the City and placed in storage following an alleged abandoned vehicle parking violation, he was unlawfully required to either (1) plead "guilty" and pay all fines and towing and storage charges in order to have his vehicle immediately returned or (2) plead "not guilty" and await a hearing, thus suffering the deprivation of his vehicle until the hearing was held. Supreme Court granted respondent's motion to dismiss the proceeding on the grounds that the

petition is time-barred and, in any event, without merit.

We note at the outset that a CPLR article 78 proceeding is not the proper vehicle for that part of petitioner's challenge to the facial unconstitutionality of the Code, and we thus convert the article 78 proceeding to a hybrid article 78 proceeding/declaratory judgment action (see CPLR 103 [c]; *92-07 Rest. v New York State Liq. Auth.*, 80 AD2d 603, 604).

If petitioner-plaintiff (petitioner) were challenging only whether section 307-8 (D) of the Code was applied in an unconstitutional manner, we would agree with the court that the petition is time-barred inasmuch as "[a]n article 78 proceeding must be commenced within four months after the administrative determination to be reviewed becomes 'final and binding upon the petitioner' " (*Matter of Yarbough v Franco*, 95 NY2d 342, 346, quoting CPLR 217 [1]). Here, petitioner's action accrued on February 4, 2015, when he executed his plea (see *Matter of Nedd v Koehler*, 159 AD2d 344, 345), because it was at that point that he was "aggrieved" by his payment of the towing and storage fees and the parking ticket fine. He subsequently commenced this article 78 proceeding on July 13, 2015, more than four months later (see *Yarbough*, 95 NY2d at 346).

However, petitioner also contends that section 307-8 (D) of the Code is facially unconstitutional. Where the substance of a petitioner's claim falls within the purview of the Federal Civil Rights Act, the applicable statute of limitations for such a cause of action is three years, and thus petitioner's converted proceeding is not barred by the statute of limitations (see *Owens v Okure*, 488 US 235, 237-239, 251; see also CPLR 214 [5]; *Freeland v Erie County*, 122 AD3d 1348, 1351; *Matter of Doorley v DeMarco*, 106 AD3d 27, 33).

Ultimately, however, regardless whether the matter is an article 78 proceeding challenging the constitutionality of the Code as applied or a hybrid article 78 proceeding/declaratory judgment action challenging the facial validity of the Code, we conclude that the court properly concluded that the petition is without merit. On appeal, petitioner does not dispute that he received adequate notice and challenges only the sufficiency of the hearing procedure itself. Contrary to petitioner's contention, the record indicates that he could have received a hearing the same day that he sought the return of his vehicle and that, if a hearing officer was unavailable, the hearing would occur within a day or two. Alternatively, petitioner could have scheduled a hearing for a later date.

Despite having notice and an opportunity to be heard, petitioner placed greater value on the expeditious return of his vehicle (see *Horn v City of Chicago*, 860 F2d 700, 704-705; see also *Herrada v City of Detroit*, 275 F3d 553, 556-557). In effect, petitioner's perceived Hobson's choice was created by his own desire for convenience, and "[a] procedural due process challenge in a case of this sort leads to illogical results because an individual could create a procedural due process violation by essentially turning down an opportunity for a hearing" (*Wertz v Village of W. Milgrove*, 2009 WL 1183155, *5).

Therefore, inasmuch as the ticket "explicitly specified how to challenge the citation[] should [petitioner] choose to do so," but petitioner instead "chose to pay . . . rather than request [a] hearing[]" (*Zilba v City of Port Clinton, Ohio*, 924 F Supp 2d 867, 874), we conclude that petitioner voluntarily chose to relinquish his right to a hearing by pleading guilty and paying the fines and cannot now claim that he was deprived of the due process that was once afforded to him (*see Weinrauch v Park City*, 751 F2d 357, 360). Consequently, petitioner is also not entitled to attorney fees (*see Matter of Walker v New York City*, 262 AD2d 151, 152, *lv denied* 94 NY2d 753).

Entered:  March 24, 2017                    Frances E. Cafarell
                                            Clerk of the Court