Matter of Igbara v Abuzahrieh (2023 NY Slip Op 02177)

Matter of Igbara v Abuzahrieh

2023 NY Slip Op 02177

Decided on April 27, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 27, 2023

Before: Webber, J.P., Moulton, Scarpulla, Mendez, Rodriguez, JJ. 

Index No. 260323/18 Appeal No. 133 Case No. 2022-01678 

[*1]In the Matter of Samir Igbara, Individually and on Behalf of 24 West Food Corp., Petitioner/Plaintiff-Respondent-Appellant, For the Judicial Dissolution of 24 West Food Corp., Appellant-Respondent,
v
Mohammed Abuzahrieh et al., Respondents/Defendants-Appellants-Respondents, John Does 1 through 10 et al., Respondents/Defendants.

Siegel & Siegel, P.C., New York (Michael D. Siegel of counsel), for appellants-respondents.
Reppert Kelly & Vytell, LLC, New York (Nicholas A. Vytell of counsel), for respondent-appellant.

Judgment, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered March 15, 2022, in favor of petitioner and against respondents Mohammed Abuzahrieh and Abdel Abuzahrieh in the amount of $142,965.64 plus interest, unanimously affirmed.
Supreme Court's entry of judgment clarifying the amount of interest respondents owed petitioner was procedurally proper, as the court's prior decision and order, which did not specify an interest amount, was not "signed by the clerk, and therefore cannot qualify as an entered judgment" (Bogoch v W.S.L.S.J. & I. Weinreb, 295 AD2d 108, 109 [1st Dept 2002]). Furthermore, petitioner's abandoned appeal from the order did not moot later proceedings because the entry of judgment terminated petitioner's right of direct appeal from the order (see Matter of Aho, 39 NY2d 241, 248 [1976]).
Supreme Court did not abuse its discretion in awarding nine percent interest, as such an award is within the court's discretion in an action under Business Corporation Law § 1118 (CPLR 5004; see also Matter of Schneiderman v Luv-A-Cup Coffee Serv., 204 AD2d 173, 173 [1st Dept 1994]). Imposition of the statutory interest rate is not an unfair penalty, but rather, "represents the cost of having the use of another person's money for a specified period" (Downing v First Lenox Terrace. Assoc., 107 AD3d 86, 91 [1st Dept 2013] [internal quotation marks omitted], affd 24 NY3d 382 [2014]). Moreover, the court correctly awarded interest on the full principal, rather than just on $2,000 of the principal representing petitioner's November 2018 salary.
On his cross-appeal, petitioner failed to demonstrate that the court abused its discretion in declining to award him costs and disbursements (see e.g. Matter of Walker v New York City, 262 AD2d 151, 152 [1st Dept 1999], lv denied 94 NY2d 753 [1999]). The record is unclear as to whether the court made any findings on the issue of costs, as petitioner failed to include a transcript of the proceedings in the record.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 27, 2023